## A. C. W. WHITE, Adm'r, v. J. NELSON PATTERSON.

JUDGMENT. *A copy of a defective judgment from Justice's docket does not negative a proper judgment on the warrant.* Where it clearly appears that the judgment was rendered, the Court is not inclined to require proof that the judgment was written out formally, in the absence of clear proof to the contrary. Proof that there was such a judgment will raise the presumption

A. C. W. White, Adm'r, *v.* J. Nelson Patterson.

that it was valid and sufficiently formal. This being so, execution may issue, though the copy of the judgment from the Justice's docket be defective.

Cases cited: Bell *v.* Williams; 4 Sneed, 196; Johnson *v.* Billingsley, 3 Hum., 151.

---

FROM GILES.

---

Appeal from the Circuit Court. JNO. C. WALKER, Judge.

JNO. S. WILKES for White.

T. M. JONES & SON for Patterson.

McFARLAND, J., delivered the opinion of the Court.

On the 4th of July, 1865, D. G. Anderson, a Justice of the Peace of Giles County, and successor of J. B. Stacey, issued an execution in favor of A. C. W. White, against A. L. Crow and J. N. Patterson, upon a judgment alleged to have been rendered by said Stacey on the 28th of May, 1860. Patterson, by petition, had the execution brought into the Circuit Court, and it was there quashed upon his motion, and from this judgment White has appealed. It appears that the original papers of the Justice, including his docket, were destroyed.

The plaintiff (White) presented his petition and affidavits in accordance with the Act of 1859–60, showing the rendering of the judgment and the loss of the papers, upon which the successor (Anderson)

made an order reinstating the judgment and awarding the execution in question.

In his petition Patterson says that some time in 1860 a warrant was served upon him for a note of about the amount of the judgment, but does not show whether or not a judgment was rendered. The principal ground assumed in the petition for quashing the execution is, that the order supplying the lost record was not properly made, that he had no notice of the proceeding. He also insists that he is discharged by the laches of the plaintiff, and that the judgment has been paid by Crow, the principal debtor.

It appears that the Justice furnished a written memorandum of the judgment about the time it was rendered in the following form:

A. C. W. White, Adm'r,   ⎱ Judgm't May 28,
         v.         ⎰    186– . . . $134.48
A. L. Crow and J. E. Patterson. ⎰ Justice's fee   55
        J. B. STACEY, [SEAL] J. P."

The testimony of Stacey was heard upon the motion, and he proves very fully that he rendered the judgment in favor of White against Crow and Patterson for the amount and date claimed. Upon cross-examination he says the memorandum referred to is an exact copy of the judgment. In his affidavit before the Justice, upon the application to supply the lost record, he says this memorandum is a copy from his *docket*. Upon this evidence it is assumed by the Circuit Judge that this memorandum was all the

judgment rendered, and that is not a valid judgment, but void for uncertainty, and it not appearing that there ever was such a judgment, and if there was that the same had not been paid, the Circuit Judge rendered judgment quashing the execution.

We think, taking the evidence altogether, it would be doing no violence to assume that the memorandum referred to was a copy only of the Justice's docket, and this does not exclude the assumption that a formal judgment was rendered.

Stacey, in his testimony, says he rendered a judgment in favor of White, and against Crow and Patterson, of the date and amount claimed. He does not say that he wrote the judgment out in full, but the presumption is, he did his duty. His statement that the memorandum is an exact copy of the judgment, taken in connection with his statement in his affidavit that it is an exact copy from his docket, we think should be taken in the latter sense. He gave this as a memorandum to the plaintiff, and he would have been more liable to make the memorandum from the docket than the judgment itself. So it clearly appearing that the judgment was rendered, we would not be inclined to hold the party to such affirmative proof that the judgment was written out formally, in the absence of clear proof to the contrary. Proof that there was such a judgment would raise the presumption that it was valid and sufficiently formal. This being so, the execution properly issued. Besides, in the case of *Bell* v. *Williams*, 4

Sneed, 196, a memorandum from a Justice's docket, similar to this, was held valid, although there did not appear to have been any more formal judgment rendered. Also in *Johnson* v. *Billingsley,* 3 Hum., 151. In the latter case it is said that upon grounds of public policy—of necessity almost—Justice's proceedings must be upheld whenever possible. There are perhaps authorities in conflict with these, and we do not decide it.

Upon the question of payment, we hold that the burthen was upon defendant in the execution to prove the fact, and that the evidence is insufficient for that purpose. The judgment will be reversed and judgment rendered for the plaintiff, White.