# ELLIOTT & CO. v. JORDAN.

1. JUSTICE'S WARRANT. *Abbreviation "Tenn."* The abbreviation Tenn. for Tennessee, in a justice's warrant, does not invalidate the warrant. The abbreviation is of such universal use that its meaning cannot be misunderstood.

2. EXECUTION. *Officer's return. Amendment.* Pending a motion, in the Circuit Court, to condemn land upon which a justice's execution had been levied, it appeared that the officer's return had not been signed by him. The court allowed the officer to amend the return by signing his name: *Held,* that this was proper.

   Cases cited: Broughton v. Allen, 6 Allen, 6 Hum., 98; Atkinson v. Rhea, 7 Hum., 60.

3. WARRANT. *Judgment. Note.* The fact that the warrant does not show affirmatively that the note sued on, and upon which judgment was rendered, is within a magistrate's jurisdiction, does not vitiate the judgment. Every intendment is in favor of magistrates' judgments, and the presumption would be that the note was for an amount which would give the magistrate jurisdiction.

   Case cited: Baker v. Allen, 2 Tenn. R., 553.

4. JUDGMENT. *Officers's return.* A judgment rendered by a magistrate upon a summons to the defendant to appear before him immediately is not void.

5. SAME. A magistrate's judgment is not void for the failure of the magistrate to note the fact of issuance on the back of the warrant.

   Case cited: Hollins v. Johnson, 3 Head, 348.

   Code cited: Secs. 3080-2, 4129.

6. CONDEMNATION OF LAND. *Supplying defect in papers.* It appeared, upon motion to condemn land, that the magistrate had failed to endorse his judgment on the warrant. This defect was supplied by the Circuit Court allowing (the defendant objecting) the plaintiff to file a certified copy of the judgment as it appeared on the justice's docket: *Held,* that this was proper.

   Case ctied: Turner v. Ireland, 11 Hum., 450.

7. JUSTICE'S JUDGMENT. The following entry on a justice's docket constitutes a valid judgment, to-wit: Elliott & Co. v. W. B. Jordan, judgt., 346.82.

Elliott & Co. *v.* Jordan.

Cases cited: Johnson *v.* Billingsly, 3 Hum., 153; Hubbard *v.* Birdwell, 11 Hum., 221; Bell *v.* Williams, 4 Sneed, 199.
Code cited: 4129, 4176.

### FROM HARDEMAN.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

F. FENTRESS for complainant.

A. J. McNEAL for defendant.

FREEMAN, J., delivered the opinion of the court.

These three cases are motions to have land ordered to be sold under judgments and levy of execution from a justice of the peace in Hardeman county.

The papers having been returned to the Circuit Court, the defendant appeared by attorney and entered a motion to quash the warrant and dismiss the cause, and assigned the following causes for said motion:

1. That the warrant did not run in the name of the State, nor is there any return thereon signed by an officer or other person requiring defendant to appear.

2. It does not show the note sued on is not over five hundred dollars.

3. Defendant is not commanded to appear before any one, on the warrant, and is summoned before D. A. Furguson, and that immediately.

4. The warrant was not issued by a justice of the peace. No endorsement of its issuance.

5. No judgment on the warrant, and no valid judgment in the papers.

Elliott & Co. v. Jordan.

6. Note on which the suit is brought void because it attempts to violate the Constitution, and is contrary to the public policy of the State of Tennessee.

7. Judgment void.

The first objection is met by the fact that the warrant has the well known and almost universal abbreviation Tenn., for the name of the State. This as certainly shows the name of the State as if it had been written out at length. We cannot shut our eyes to what we know to be its meaning. The second branch of the objection is, that the return was not signed by any officer or other person. Our first impression was, that it was error in the court to allow the officer to amend his return by signing his name to it, but on examination of our cases on the subject, we conclude that it was proper. In a case in 6 Hum., 98, after notice that a motion would be made against him, but before it was entered, the sheriff was allowed, on affidavit, to amend an insufficient return, and thus shield himself from liability. In the case of *Atkinson & Cobb* v. *Rhea*, 7 Hum., 60, on *certiorari* and *supersedeas* to quash a levy made upon property of a surety instead of on the property of the principal, the return seems to have been amended, and the court say: "In cases where the sheriff is no party he may be allowed to amend his return at any time so as to state the truth of the case. No injury can accrue by permitting a return to be amended under such circumstances. The officer is under no temptation to make a false return, as would be the case if a proceeding had been commenced against him-

self." If this be correct, it appears conclusive of this point, as this motion is not more a different proceeding from the original suit than the proceeding on *certiorari* to quash a levy of an execution in the other. In addition to this, it is not an amendment of the justice's proceeding, but only of the return of the officer, so as to state the facts of the case, or rather simply supplying an omission to sign his name. We therefore hold the amendment was properly allowed.

The objection that the warrant did not show the note sued on was under five hundred dollars, we do not think tenable. The want of jurisdiction does not affirmatively appear in the warrant. *Baker* v. *Allen,* 2 Tenn. R., 553. A magistrate does have jurisdiction on a note, and we cannot by intendment say that this was one above his jurisdiction. All intendments are to be in favor of the proceedings of these tribunals, not against them.

The next objection is, that defendant is not commanded to appear before anyone in the warrant, and is summoned to appear before D. A. Furguson, and that immediately. The warrant on its face says, "summon W. B. Jordan to appear before me or some other justice to answer," etc., and is signed by D. A. Furguson, J. P. The return of the officer is, that he summoned him to appear before D. A. Furguson immediately. This certainly was sufficient, as it was executed by reading the warrant to him. He could not well misunderstand it as to appearing immediately, as we know of no time fixed by law in which the party shall be required to appear in such cases. We

cannot say a judgment rendered is void for this. As a matter of course it could only mean that he should appear within such time as it would require to go to the office of the justice, and the defendant could do this as soon as the officer could do so to return the papers. No action could be taken by the justice until they were returned, so that no injury could occur. If he should not be ready to try the case a continuance could the more readily be had by reason of the shortness of the time, and if not granted, an appeal could be taken, when ample time would be had to prepare for defense of the case.

That the justice did not note the fact of issuance on the back of the warrant does not affect the validity of the proceeding. The statute is directory to the officer, but the fact that warrant was issued and the party actually summoned, gives jurisdiction to the court. The notation of the fact is not essential to its validity.

The fifth objection in case No. 11, and the only objection taken in No. 9 and 10 is, that the judgment of the magistrate was not endorsed on the warrant, but seems to have been on the face of the notes and account on which the judgment had been rendered. This defect, if one, was attempted to be cured by a certified copy of the justice's docket containing the judgment, which was allowed over the objection of the defendant. The judgment need not be entered on the warrant in order to its validity. *Hollins* v. *Johnson,* 3 Head, 348. By the Code, sec. 3080, when an execution from a justice of the peace is levied on

land, it is the duty of the justice before whom it is returned to return the execution, together with the judgment and papers in the cause, to the next term of the Circuit Court for condemnation. If the court condemn the land, the clerk is required, by sec. 3082, to enter on the minutes the warrant, attachment, or other leading process, with the officer's return thereon, the judgment of the justice, the execution levied, with the officer's return. This, taken in connection with the sec. 4129, providing for a book to be kept in which all his judgments shall be entered, would indicate that the judgment to be sent up was a copy of this book, at any rate, we hold that this judgment on the book, when presented, is a compliance with the requirements of the statute.

The next question is, was the judgment thus sent up or presented a valid judgment? for if void on its face then the court ought not to have condemned and ordered a sale under it of defendant's land. 11 Hum., 450. The justice's docket shows the following: Elliott & Co. v. W. B. Jordan, Judgt., 346.82, in one case, and the same, varying the amounts, in the other cases.

The act of 1845, ch. 17, which is carried into the Code, sec. 4129, almost *verbatim*, provided that the justice should keep in a well bound book a docket of all judgments rendered by him, which shall show in whose favor and against whom each judgment was rendered, also the date of its rendition, and the amount thereof.

Under this statute, in *Johnson* v. *Billingsly*, 3 Hum., 153, the court held a judgment valid which was as

follows; "B. F. Budgeman v. Thomas Moneyman, 43.15–43.15." In this case Judge Reese says: "On grounds of public policy, of necessity almost, their proceedings must be upheld whenever possible." In the case of *Bell* v. *Pleasant Williams*, 4 Sneed., 199, the docket was something more formal, showing a caption as follows: "Parties names—Edwin Harris v. J. H. & J. L. Bell, amount of judg't $200." And this was held good.

It is evident these two cases make this judgment valid, as it shows more on its face than the first, and is equal to the second. In fact, we readily understand from the face of the judgment, taken in connection with the title of the case, Elliott & Co. v. W. B. Jordan, that the judgment is in favor of the plaintiffs against the defendant. If it had been otherwise, the entry would have been under title judgment "for defendant." Under sec. 4176 of the Code, requiring that "every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either collaterally or directly, in any of the courts of this State, where it appears on the face of the proceedings that the justice has jurisdiction of the subject matter and the parties." If the judgments we have cited were held good before this express requirement, much more shall the one before us be held valid, since we are bound to make every intendment in their favor by express mandate of the Legislature. It is true, as argued, that since the business of these tribunals is largely increased and their jurisdiction raised, that larger interests are involved in

Elliott & Co. *v.* Jordan.

their proceedings.   But it is doubtful whether the argument is sustained on sound principles of policy, that therefore greater strictness should be applied to their proceedings when brought in question.   The argument on the other side has equal force, that while larger amounts are involved by increase of jurisdiction, the same character of tribunal has jurisdiction with no higher qualifications than when the jurisdiction was of the smaller amounts, and that to apply a stricter rule than the one laid down by the Legislature and our decisions, would only unsettle the title to larger amounts of property in the country, which has changed hands, and is now held by titles dependant on the validity of the proceedings of these domestic, but unlearned tribunals.   We may add, that to hold the judgments before us void, would perhaps unsettle the titles of a large number of tracts of land sold in Tennessee under like judgments, and thus do infinite mischief to parties who have in good faith paid the purchase money on the faith of a judicial proceeding, and add largely to our already crowded dockets by increasing litigation to determine the titles thus obtained.

For these reasons, and upon these authorities, we hold the judgments valid on their face.

The case 11 Hum., 221, is not in conflict with the above cases, as the entry held invalid in that case was a mere memorandum on the account—"judgment $37"—with no parties stated, and not made at any trial of the suit.

This disposes of all the questions deemed proper to

be noticed but one, that is, that the note is void, as waiving the benefit of stay laws, homestead, etc. This objection need not be considered, as the question is concluded by the judgment, and could only be raised now perhaps if an effort was made to levy on the homestead, or a stay had been tendered and refused.

The result is the judgment must be affirmed.