# FLEMING v. KEMP.—178 S. W. (2d) 397.

Eastern Section.   April 10, 1943.

Petition for Certiorari denied by Supreme Court, May 29, 1943.

Berke & Fleming, of Chattanooga, for plaintiff in error.

Cantrell, Meacham & Moon, of Chattanooga, for defendant in error.

HALE, J. This action was brought by Kemp against Fleming to recover on a judgment entered in his favor for $386.86 on January 19, 1932, by Ed. Robinson, J. P.

The defense is that the original "judgment" was void and not a judgment in fact; that it did not show who obtained it or the amount thereof; and, consequently, it is urged it could not form the basis of an action, and that

parol evidence should not have been admitted to supply the defects in the original proceedings. The Circuit Judge found against defendant, who moved for a new trial, which was denied and he prayed, was granted and perfected an appeal in the nature of a writ of error, and by proper assignments of error raises the questions before set forth.

A photostatic copy of the docket is attached hereto and made a part of this opinion. See 178 S. W. (2d) page 402. It shows that J. M. Kemp was plaintiff and M. A. Fleming the defendant. It shows the suit was based on a note for $313.56 plus interest and attorneys' fee, and an account of $40.07. It also shows judgment was rendered by the Magistrate. It must have been in favor of the plaintiff, as there was no indication or suggestion of any cross-action by the defendant. Certainly it is reasonable to presume that the plaintiff obtained a judgment, as the overwhelming majority of the suits brought before a Justice of the Peace result in judgment for the plaintiff. The judgment entered was for "$38686". Must we say that this judgment was for thirty-eight thousand six-hundred eighty-six dollars? Is parol evidence inadmissible to supply a decimal point at the end of the third figure, so as to show the judgment was for $386.86? Is the law impotent and incapable of protecting the litigants and the process of its court? Must we presume that judgment was entered for an amount beyond the jurisdiction of the Justice? Or may we, to the contrary, presume the legality of the judgment and that it was for $386.86, a sum within the jurisdiction of the Magistrate? Let us look at it this way: Suppose the suit had been in a court of record and that judgment was rendered for "$38686" when the

debtor owed $386.86, would he have been barred from showing that it was for this latter sum?

■■ ". . . 'The strictness required in keeping the docket of a superior court need not be observed by a justice of the peace in order to make the docket good and valid for all purposes for which it may be kept. Every reasonable presumption must be indulged to uphold the proceedings of a justice of the peace. Hence, the failure of the justice to sign his name to the judgment entered on the docket does not render the judgment void . . . ' ". 31 Am. Jur. 777-778, Sec. 130.

Our Code provides:

"Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the courts, where it appears on the face of the proceedings that the justice had jurisdiction of the subject-matter and of the parties." Code, Sec. 10189.

■ As before pointed out, the original suit was on a note for $313.56 plus interest and attorney fees and also on an account of $40.07. If we break down this judgment so as to allow these items it would give us: Account $40.07, principal of note $313.56, interest $1.70, 10% attorney fees $31.53; total $386.86. We think it beyond question the parol evidence accepted by the trial judge was admissible to explain the docket entries so as to show that the plaintiff obtained a judgment for $386.86 against the defendant.

■ These record entries, while incomplete, have a germ of substance and we think are embraced in the following rules:

"Where a justice's docket omits to enter a proceeding which should be entered, other proper evidence may be

admitted to prove the proceeding, and, *where entries on the docket are not sufficiently complete to be intelligible, parol evidence may be admitted to show the proceedings.*" (Emphasis supplied.) 32 C. J. S., Evidence, section 867, page 799.

■ In American Jurisprudence it is said: "Similarly, the general rule precluding a collateral attack upon a judgment does not prevent a judgment which is incomplete and ambiguous upon its face from being explained by parol evidence." 30 Am. Jur. "Judgments", Sec. 31, page 834.

This rule is based upon common sense and arises from necessity in order to do justice between the parties.

■ "An obscure judgment entry may, however, be construed with reference to the pleadings and records, and where upon the whole record its sense can be clearly ascertained, the judgment will be upheld." 33 C. J. 1196.

See also 31 Am. Jur. 779, Sec. 132.

The duties of justices of the peace are fixed by our Code as follows:

"Every justice of the peace shall keep, in a well bound book, properly ruled for that purpose, a docket of all judgments rendered by him, showing in whose favor and against whom each judgment is rendered, the names of the parties in full, and the date and amount of the judgment."

"He shall also keep, in the same book, an execution docket, showing the amount of each execution, in whose favor and against whom issued, the date of issuance, to whom delivered, the date of return and by whom returned and the substance of the return, specifying particularly whether satisfied in whole or in part.

"The justice shall enter therein, in continuous. order; and in distinct columns, with proper date to each act: (1) The number of each case; (2) the date of trial, and of each continuance, if any; (3) the names of the parties in full; (4) the amount of the judgment; (5) the name of the stayor, if any; (6) the name of the officer who returns the warrant; (7) the date of the issuance of each execution, and to whom delivered; (8) the bill of costs, the items written in words, with the amounts in figures; (9) the date of the return of the execution, by whom returned, and the substance of the return.

"A substantial compliance with these requirements will be sufficient to render the proceedings and entries valid for all purposes, so far as the parties litigant are concerned, and all persons claiming under them." Code, Secs. 10142, 10143, 10144, 10145.

In an annotation to Sec. 10145, it is said:

"The following judgments of a justice on his docket have been held sufficient: 'Gave judgment in favor of plaintiff for $171 and costs' Hutchinson v. Fulghum, 4 Heisk. (51 Tenn.), 550. 'Elliott & Co. v. W. B. Jordan, judgt., 346.82.' Elliott & Co. v. Jordan, 7 Baxt. (66 Tenn.) 376. Judgment rendered according to the form prescribed, except that there was no caption to the columns of his docket, is void. Johnson v. Billingsley, 3 Humph. (22 Tenn.) 151. Where the columns have proper headings, and under the heading 'Amount of judgment,' is placed simply '$200.' this was held to be a sufficient judgment. Bell v. Williams, 36 Tenn. (4 Sneed) [196] 198; Elliott & Co. v. Jordan, 7 Baxt. (66 Tenn.) 376. 'Judgment given May the 17th, 1868, for $433.90, and costs.' After styling the case, 'Judgm't May 28th,

186– . . . $134.48.' White v. Patterson, 1 Baxt. (60 Tenn.) 450.''

In the cited case of Elliott & Co. v. Jordan, 66 Tenn. 376, the Supreme Court said:

''The justice's docket shows the following: Elliott & Co. v. W. B. Jordan, Judgt., 346.82, in one case, and the same, varying the amounts, in the other cases.

''The act of 1845, ch. 17, which is carried into the Code, sec. 4129, almost verbatim, provided that the justice should keep in a well bound book a docket of all judgments rendered by him, which shall show in whose favor and against whom each judgment was rendered, also the date of its rendition, and the amount thereof.

''Under this statute, in Johnson v. Billingsly, 3 Humph. [151] 153, the court held a judgment valid which was as follows: 'B. F. Budgeman v. Thomas Moneyman, 43.15-43.15.' In this case Judge Reese says: 'On grounds of public policy of necessity almost, their proceedings must be upheld whenever possible.' In the case of Bell v. Williams, 4 Sneed [196] 199, the docket was something more formal, showing a caption as follows: 'Parties names—Edwin Harris v. J. H. & J. L. Bell, amount of judg't $200.' And this was held good.

''It is evident these two cases make this judgment valid; as it shows more on its face than the first, and is equal to the second. In fact, we readily understand from the face of the judgment, taken in connection with the title of the case, Elliott & Co. v. Jordan, that the judgment is in favor of the plaintiffs against the defendant. If it had been otherwise, the entry would have been under title judgment 'for defendant.' '' Elliott & Co. v. Jordan, 66 Tenn. 376, 381, 382.

█ In the case of Collins v. Williams, 162 Tenn. 262, 36 S. W. (2d) 93, the Supreme Court held that the statute requiring justices of the peace to keep a docket did not limit the time in which the judgment might be entered; that his judgment is rendered when announced and not when entered. By a parity of reasoning the failure of the justice's clerk to properly enter the judgment on the docket would not be void but only erroneous.

█ It is said that the admission of parol evidence constitutes a collateral attack on the judgment. We cannot agree to this. This evidence is not to destroy but to vivify an imperfect judgment.

It results that we are constrained to affirm the judgment below.

BURNETT, J. (dissenting). Defendant in error brought this action against plaintiff in error based upon a magistrate's judgment, a photostatic copy of which is appended hereto as a part of this opinion. See 178 S. W. (2d), page 402. This action was begun in a magistrate's court where judgment was rendered against the plaintiff in error. The plaintiff in error in due season prosecuted his appeal to the Circuit Court, where judgment was likewise rendered against him and his sureties on the appeal bond. The plaintiff in error filed no pleas. He offered no proof. He took the position that the judgment was void on its face and could not be corrected or explained by parol evidence.

Defendant in error, apparently feeling there was a question about a valid judgment, offered evidence showing the original papers were lost and that the only evidence of the judgment was the copy of the magistrate's docket as appended hereto. In explanation of this he

proved by a former clerk of the magistrate (the magistrate being dead) that the judgment was rendered against plaintiff in error; that the plaintiff in error had paid the costs in the original case and on garnishment. He proved by a deputy sheriff that he, the deputy sheriff, had served the original process on the plaintiff in error. The plaintiff in error preserved his exception to this evidence, i. e., all evidence offered to explain or contradict the original judgment as it appeared from the magistrate's docket.

The Circuit Judge, without the intervention of a jury, rendered judgment against the plaintiff in error. From the record it is apparent that the controlling reason for this judgment was the evidence heard aliunde the docket entry.

Under the title "Evidence," the rule is stated in 22 C. J. 1079, as follows:

"Parol or extrinsic evidence is usually held inadmissible to vary or contradict the record or docket of a justice of the peace, showing proceedings before him, although there are some decisions to the contrary. This rule will protect a justice's return on appeal, or his certificate as to the proceedings in a cause before him, and will preclude a showing that the justice intended to enter a judgment different from the one recorded in his docket, or that the form of the judgment was the result of a supposition that no other could properly be entered in the case." To the same effect see 32 C. J. S., Evidence, Sec. 867, p. 798; 31 Am. Jur., 778.

The Supreme Court of this State has reached the same conclusion in two reported cases, to-wit: Witt v. Russey, 29 Tenn. 208, 51 Am. Dec. 701; McClellan v. Cornwell, 42 Tenn. 298.

In McClellan v. Cornwell, supra, the Court said:

"We are aware the doctrine is well settled, that, upon grounds of public policy, if not of necessity, the proceedings of these domestic tribunals will be favored and upheld, if, upon their inspection, it can be seen they have been in substantial compliance with the requirements of the rules of law. But we think they should, in each case, show, with such reasonable certainty, what was intended, that, *without resorting to parol, or other evidence de hors the proceeding, we may be able to ascertain, with reasonable certainty*, what was intended; and that a judgment rendered by a Justice of the Peace, void upon its face, cannot be aided by reference to the proceedings or judgment in another suit.

"This Court has held, that if a judgment be valid upon its face, it cannot be invalidated when it comes up collaterally, by parol or other proof, de hors the proceeding: [Witt v. Russey], 10 Humph. 208. And, if such proof cannot be resorted to in a collateral proceeding, to invalidate a judgment, which, upon its face, seems to be valid, much less, as we believe, can it be resorted to even in a proceeding of similar character, to make valid a judgment, which, upon its face, is null and void. And the principle would apply, with still greater force, where the question as to the validity of the judgment is placed directly in issue by the pleadings in the case, as in this case.

"By the Act of 1835, under which these proceedings were had, it is provided, among other things, 'That every Justice shall keep, in a well bound book, a judgment and execution docket, showing in whose favor, and against whom, each is rendered, and its date and amount,' etc. The judgment upon which the execution in this case, was founded, does not show in whose favor it was rendered;

160

it purports to be for the plaintiff, and, therefore, under the very liberal, not to say charitable, rules before referred to, for the construction of such proceedings, we would hold, that, by intendment, it is against the defendants; but it wholly fails to show who the plaintiff is; and in whose favor it was intended to be rendered, can only be ascertained, so far as appears in this record, by reference to the preceding judgment, *or by resorting to parol proof, which cannot be done for that purpose.*" (Italics ours.)

In this case the magistrate who tried the case and the constable who served the papers were offered as witnesses. Their testimony was rejected as appears from the language above quoted.

The result is, that error was committed in admitting the evidence of the clerk Murphy.

The case of White, Adm'r, v. Patterson, 60 Tenn. 450, is cited and relied on as contra to the above. This case is not in point. The evidence admitted here was in accordance with Act of 1859-60, Williams' Code, Sec. 8931. Under this section of the Code when the *docket book* and the *original papers* are destroyed the magistrate or his successor may make "an affidavit setting forth the name of the plaintiff" etc. In the case at bar the docket book was in existence. The appellee made no pretense of setting up his judgment under this act.

Is the judgment sued on valid on its Face?

"The settled rule," says Mr. Justice McKinney in Bass v. Southern Surety Co. et al., 158 Tenn. 233, 12 S. W. (2d) 714, 715, "in this state is that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the juris-

diction of an inferior court but that which is so expressly alleged. Kilcrease's Heirs v. Blythe, 6 Humph. (25 Tenn.) [378] 389; Brien v. Hart, 6 Humph. (25 Tenn.) 131; Hopper v. Fisher, 2 Head (39 Tenn.) 253; Harris v. Hadden, 7 Lea (75 Tenn.) [214] 216. . . .

"A justice court is an inferior tribunal within the rule. Harris v. Hadden, supra."

Section 10189 of Williams' Code provides as follows:

"Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the courts, where it appears on the face of the proceedings that the justice had jurisdiction of the parties."

The docket entry sued on is as follows:

"Judgment for Pl'tff-Def't vs. Def't-Pl'ff for $38686, Dollars and all costs of suit for which execution may issue.

"This 19 day of Jan 1932.

                                    "Ed Robinson, J. P.
                                        "Interchange"

Can it be said this judgment was for "Pl'tff" or "Def't"?

The amount of the judgment is not punctuated except for a comma after the figures 38686. The face of the judgment does not show $386.86. The amount, if we consider punctuations, is in excess of the magistrate's jurisdiction. Can we punctuate these figures? We might make the judgment of a few dollars or thousands of dollars.

Suppose the plaintiff in error was suing the defendant in error on this very docket entry and claimed by parol evidence that he had recovered a judgment by set-off

or counter-claim. His claim certainly would be as good as defendant in error's under the docket entry sued on.

I quote from New York Cas. Co. v. Lawson, 160 Tenn. 329, at page 336, 24 S. W. (2d) 881, at page 883:

"A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given."

I have carefully studied every case cited and all that we can find in the books wherein judgments were rendered for and against suits of this character. Several of these cases are briefly digested and appended hereto. See below.

"As a general rule, an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of the opponent's claim." 31 Am. Jur., page 204, section 610.

For the reasons stated, I am of the opinion that the defendant in error has not made out his case. The judg-

ment of the trial court should be reversed and the suit dismissed at the costs of the defendant in error.

MAGISTRATE'S CIVIL DOCKET

| DATE OF TRIAL | PARTIES' NAME | JUDGMENT |
|---|---|---|

Appendix

Parker v. Swan, 20 Tenn. 80, 34 Am. Dec. 619, was a suit in which there were three defendants. The words written on the warrant, "Judgment in favor of the plaintiff for sixty-one dollars and eighty-three cents and

costs,'' was held to be a judgment against all the defendants.

Witt v. Russey, 29 Tenn. 208, 51 Am. Dec. 701, the proceedings did not show (warrant or judgment) the character of liability sued on. Parol evidence held inadmissible to explain.

Hubbard v. Birdwell, 30 Tenn. 220. The words written on the warrant, ''judgment $37.00,'' held vague, uncertain, without notice, and did not appear for whom rendered.

Cannon v. Wood, 34 Tenn. 177, 182, was a suit against an officer for failure to return an execution. Dismissed because judgment on which execution based was void. The judgment was in these words: ''It appearing to me that judgment was entered against Wm. Wood as surety for John Dromgoole, L. W. Tune (and others), in favor of Thomas Coy, for $425 and costs, and that said Wm. Wood has paid the same; it is therefore considered,'' etc.

Bell v. Williams, 36 Tenn. 196, was a suit in which scire facias was sued out to revive a judgment in the following words, after giving date and name of parties, ''Amount of judgment, $200.'' The judgment was revived by the magistrate and case appealed to circuit court where he plead in abatement ''that he was never served with process of any kind in the original suit,'' etc. Held, defendant could not avail himself of this defense and that the docket entry was in conformity with the statute.

Anderson v. Kimbrough, 45 Tenn. 260, 261, the following judgment was held good—''H. C. Anderson -vs.- M. L. Elcan. Judgment granted vs. defendant, for M. L. Elcan, for $433.90.''

Johnson v. Billingsley, 22 Tenn. 151, the following judgment was held good, "at any rate, could not be attacked collaterally by a third person":

| October 18 No 723 | B. F. Bidgman vs. Tho. Mooneyham | 43.15 43.15 | Returned 5th May 1840 Cr. $922½ | Confessed | 25 | Fi. Fa. Issued to plt'ff 10th April 1840 |
|---|---|---|---|---|---|---|