Horace Eugene ROBINSON, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 2, 1979.

Certiorari Denied by Supreme Court
April 9, 1979.

Randall L. Kinnard, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Victor S. Johnson, III, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

From the judgment denying and dismissing the petition for Writ of Habeas Corpus,

the appellant appeals with assignment of error. The appellant was and is incarcerated as a result of four guilty plea convictions which were entered in 1960.

It is the appellant's assignment of error that the language of the minute entry pertaining to the second of two armed robbery sentences is vague and ambiguous. Hence, the appellant contends the second armed robbery sentence should be interpreted as running concurrently with the first, in the absence of clear language that the two sentences should run consecutively. The appellant further reasons that had the two armed robbery sentences run concurrently, the appellant's release date and expiration date would have already occurred before he was convicted on June 22, 1977, while on parole of attempting to commit a felony, to wit: possession of a controlled substance, with confinement for not less than nor more than two years. The sentence for the latter offense is entered to begin after the appellant has completed the time on the 1960 sentences. If the appellant's petition has merit, he contends that the Board of Pardons and Paroles would not have had jurisdiction to revoke his parole and, therefore, would not require him to complete the 1960 sentences since these sentences would have expired. The appellant further contends that because he has served six additional years on the 1960 sentence, this time should be credited on his present sentence and, therefore, he should be released.

The minute entries pertaining to appellant's guilty pleas entered in 1960, in the sequence as found in the minute book by the trial court in its memorandum dismissing the appellant's petition, are reproduced so that appellant's argument may be brought into proper focus and, also, to clarify our reasons for disagreeing with his argument.

Case No. 12030:

" . . . that they find the defendant guilty of assault intent to commit murder. And assess his punishment at confinement in the State Penitentiary for a period of not more than 21 years."

Case No. 12040:

" . . . that they find the defendant guilty of burglary 3rd. degree and assess his punishment at confinement in the State Penitentiary for a period of not more than 3 years, each."

&ast; &ast; &ast; &ast; &ast; &ast;

"Said sentence to run concurrent with former sentence."

Case No. 12026:

" . . . that they find the defendant guilty of armed robbery and assess his punishment at confinement in the State Penitentiary for a period of not more than 10 years, each."

&ast; &ast; &ast; &ast; &ast; &ast;

"Said sentence to begin at expiration of Case # 12030."

Case No. 12020:

" . . . that they find the defendant guilty of armed robbery and assess his punishment at confinement in the State Penitentiary for a period of not more than 10 years, each."

&ast; &ast; &ast; &ast; &ast; &ast;

"Sentence of Ransom, Waddy, and Johnson, concurrent."

"Sentence of Robinson expiration with Case # 12026."

The crux of the appellant's argument involves the different language employed in the minute entry in Case No. 12026, "at expiration of Case # 12030", and the minute entry in Case No. 12020, "expiration with Case # 12026." It is his contention that the latter quoted phrase is ambiguous and vague which condition should result in an interpretation that the two sentences are to run concurrently.

The appellant called the clerk of the Davidson County Criminal Court with stipulation as to his expertise in interpreting the minutes of that Court. The clerk related he was not sure what the phrase "expiration with Case # 12026" meant, however, he did not think it meant concurrently with Case No. 12026. His testimony further revealed that the appellant was involved in Case No. 12026 with three other defendants, Waddy, Ransom and Johnson, who were

also involved in Case No. 12020; that the minute entry of Case No. 12020 indicated the sentences for the other three defendants were concurrent, while the sentence under Case No. 12020 for the appellant stated, "expiration with Case # 12026."; and that if the sentence was to have been concurrent the appellant's name would have been included with the other three defendants. It was, therefore, the clerk's interpretation, while not personally compiling the entries, that the sentence in Case No. 12026 was to run at the expiration of Case No. 12030, and that Case No. 12020 was to run at the expiration of Case No. 12026.

The appellant called a second witness, Mr. Pitts, Director of Records for the Department of Corrections, with stipulation as to his expertise in determining parole eligibility dates. He related that the phrase "at the expiration of" is used in the escape statute, T.C.A. 39–3807, and that it was also frequently used in commitment papers. If a sentence does not fall under the statutory requirement of having to begin at the expiration of a second sentence, Mr. Pitts testified, then a sentence that reads "at the expiration of" is interpreted as running consecutively to a second sentence for the purpose of computing parole dates; that is, the sentences are added together, as was done with the appellant's two armed robbery sentences.

The appellant, testifying in his own behalf, related that when he entered his guilty plea in 1960 he thought the sentences for the armed robbery convictions were to run concurrently; and that when he got to the Penitentiary he was informed by his attorney that they were to run consecutively.

A court speaks through its minutes, *Mullen v. State*, 164 Tenn. 523, 151 S.W.2d 497 (1932). We think if the language of the minutes is so unclear as to require expert testimony to decipher, we would hold it is vague. However, while not controlling, we note both experts offered by appellant interpreted the language in question as indicative of consecutive sentences.

The trial court, in its memorandum opinion dismissing the appellant's petition, held that such language, as was used in the minutes, conveyed the idea of what was done with "reasonable certainty of meaning.": the second armed robbery sentence, Case No. 12020, was to run consecutively with the first armed robbery sentence, Case No. 12026. With this we are in accord.

A judgment should be construed, if possible, so as to give force and effect to every word thereof, and make it as a whole consistent, effective and reasonable. *Batliner v. Sallee*, 254 Iowa 561, 118 N.W.2d 552 (1962). A judgment must be construed in its entirety, giving effect to that which is clearly implied as well as that which is expressed. *Watts v. State*, 141 Ga.App. 127, 232 S.E.2d 590 (1977). An obscure judgment will be upheld if its sense can be clearly discerned from the whole record. *Fleming v. Kemp*, 27 Tenn.App. 150, 178 S.W.2d 397 (1944).

Applying the above cases to the language as used in the minute entries, we think construing the sentences to run consecutively is reasonable. We think consecutiveness is clearly implied as well as expressed, and its sense can clearly be discerned from the examination of the whole record. We think the findings of the trial court in dismissing the petition are in accord with the above related standards. The assignment is overruled. The judgment is affirmed.

RUSSELL, P. J., and WALKER, J., concur.