**Phillip Eugene VANATTA, Plaintiff-Appellant,**

v.

**Donith Kay VANATTA, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 8, 1985.

Application for Permission to Appeal Denied by Supreme Court Nov. 25, 1985.

Robert B. Young, Harold E. Collins, Nashville, for plaintiff-appellant.

B.F. "Jack" Lowery, Lebanon, for defendant-appellee.

## OPINION

TODD, Presiding Judge.

In this divorce case, the husband has appealed from the dismissal of his post judgment petition for relief from certain payments required by the divorce decree.

The parties were married in 1967. At the time of their divorce on December 22, 1983, they had one child, aged 17 years. The divorce decree included a settlement agreement approved by the Trial Court and providing:

1. Child custody to plaintiff-wife.
2. $450.00 per month child support.
3. Division of property:
   a. 4 specified items of household goods to husband
   b. All other household goods to wife
   c. Pick-up truck to wife
   d. Home to wife
4. Verbatim as follows:

> 2. HUSBAND is to assume and make the monthly house payments on the above described property for eight (8) years from the date of the decree of divorce. Beginning eight (8) years from the date of the decree of divorce, the WIFE is to assume and pay any remaining indebtedness on the said home and hold the HUSBAND harmless on the same. In the event the WIFE should sell the property at any time prior to the termination of the eight (8) year period,
> (PEV) (NOT) (KV)
> the HUSBAND will ^ be responsible to
> (THE HOUSE) (PEV) (KV) (PEV)
> continue making ^ a payment. ~~In the~~
> (KV)
> ~~same amount to the WIFE until the eight (8) year period has terminated.~~

V. DISCLOSURE:

> 1. HUSBAND and WIFE expressly certify and acknowledge that they have entered into this agreement upon mature consideration and with a full disclosure of all of their respective rights and obligations, and that consent to the execution of this Property Settlement and Custody Agreement has not been obtained by duress, fraud, or undue influence by any person. HUSBAND and WIFE further certify that no misrepresentation of any kind has been made to or by either of them or their counsel as an inducement to enter into this Agreement other than the representations set forth herein.

The additions and deletions shown above were initialed by the parties.

The settlement agreement also contained the following provision:

> If the Settlement Agreement is approved and adopted by the Circuit Court, it shall be forever binding and conclusive upon the parties to the same extent as if the terms and provisions actually were de-

creed by the Court and either party may resort to the Court for enforcement thereof.

On June 29, 1984, the defendant filed a "Petition to Terminate Alimony" quoting part of the above quoted portion of the settlement agreement, alleging that the installment payments provided above were periodic alimony, that plaintiff had remarried, and praying for relief from payment of the mortgage installments and/or child support.

The answer to the petition denied that the mortgage payments were intended to be alimony, asserting that the Court had jurisdiction to modify the mortgage payments, and denying defendant's right to relief.

Upon hearing the matter, the Trial Judge filed a memorandum summarizing the testimony and his findings as follows:

The Wife testified that at the time she and the Husband entered into this agreement that the Husband raised the question as to whether he was going to have to continue making the house payments if she were to remarry and that she told him he would and he agreed to do so.

The daughter of the Husband and Wife testified that she was also present at the time the agreement was made and her testimony collaborated that of the Wife in that the subject of remarriage was discussed by the parties at the time the agreement was entered into, and that the Husband agreed to continue the payments after remarriage.

The Husband testified that he could not remember that discussion but also testified that he would not deny that it took place.

The Court, after reviewing the entire Final Decree and Property Settlement Agreement, Briefs and legal citations submitted by Counsel, and the testimony of Petitioner, Respondent and witnesses finds that the agreement entered into by and between the Husband and Wife concerning the house payments was in fact a contractual agreement not subject to modification. It further appears that it was discussed and agreed at the time of the execution of the Property Settlement Agreement that if the Wife were to remarry, the said house payments would continue as stated therein.

It is, therefore, the finding of the Court that the Husband's petition is dismissed at his cost.

On appeal, the husband presents four issues of which the first is as follows:

Does the house note payment constitute a contractual obligation of the Husband's legal duty of support, reviewable by the trial court and subject to modification or termination.

Appellant asserts that the only defense of the wife to his petition for relief is the holding in *Penland v. Penland,* Tenn.1975; 521 S.W.2d 222 that a part of a settlement contract in excess of the jurisdiction of a divorce court retains its contractual nature and may be enforced. The cited authority is not in point because it related to support of children after they have attained majority, which question is not an issue in the present appeal.

In the present case, the divorce court clearly had jurisdiction and authority to deal with and enforce matters of division of property. TCA §§ 36–4–103, 121.

In the view of this Court, the provision in the settlement agreement and decree, quoted above, for payment of mortgage installments by the husband were a part of the division of property as agreed upon by the parties and approved by the Court. The complaint makes no prayer for alimony in solido or in futuro, and neither is mentioned in the settlement agreement or the divorce decree. The appellation of alimony arises first in defendant's petition in an effort to establish a basis for relief from the payments established in the settlement agreement and decree.

■ Judgments and decrees must be construed in the light of the pleadings, particularly the prayer of the bill or complaint. *Southwestern Presbyterian University v. City of Clarksville,* 149 Tenn. 256, 259 S.W. 550 (1924); *Fleming v.*

*Kemp,* 27 Tenn.App. 150, 178 S.W.2d 397 (1944); *Custer v. Russey,* Tenn.Ch.App. 1899; 51 S.W. 126; *Grant v. Davis,* 8 CCA (Higgins) 315 (1918).

■ Contrary to the import of defendant's first issue, the mortgage payments were a contractual obligation voluntarily assumed by the husband as a part of a property settlement agreement and made a part of the property division provisions of the divorce decree. As such, it was and is just as final and unchangeable as the award of physical property to the wife or the obligation of the wife to hold the husband harmless from liability for mortgage installments maturing more than 8 years after the decree.

In response to defendant's first issue, the division of property was a contract between the parties, but was merged into the divorce decree which, on this subject is final and unchangeable as any other court judgment, and not subject to modification except for fraud and other grounds upon which any judgment may be attacked.

Appellant's second issue is as follows:

> Did the handwritten changes in Section IV-2 of the Property and Custody Agreement made by the parties at the time of entering into the agreement effectively change the house payment from a contractual agreement and/or alimony in solido to alimony in futuro, hence leaving it under the jurisdiction of the court and subject to change or termination upon proper review.

■ This issue is based upon a change made in the settlement agreement after it was signed and before it was approved by the Trial Court. The changes are reflected in the above quoted portion of the agreement, and consist of the deletion and insertion of the words so as to change the last sentence in the paragraph numbered 2 from:

> In the event the wife should sell the property at any time prior to the termination of the eight (8) year period, the husband will be responsible to continue making payment in the same amount to the wife until the eight (8) year period has terminated.

to read as follows:

> In the event the wife should sell the property at any time prior to the termination of the eight (8) year period, the husband will *not* be responsible to continue making *the house* payment.

Appellant insists that, as originally prepared and signed, the installment payments were to continue for a fixed (8 year) period, and therefore could be denominated alimony in solido, but, when changed by the parties to a period of 8 years or until sale of the property, whichever occurred first, the payments were changed in character to alimony in futuro which was subject to revision by the Court.

This Court does not agree with this insistence. In the first place, as heretofore pointed out, the payments were not alimony at all, but a part of a division of marital property. On the face of the agreement, the wife appears to have received a much larger share of property. However, there is no evidence in this record as to how much other property the defendant retained in his own name which might have been subject to allocation to the wife in a division of marital assets. In any event, there is nothing in this record to identify the installments as alimony of any character. There were obviously "a distributive award of money or other property to supplement, facilitate or effectuate a distribution of marital property" as provided in TCA § 36–4–121(f)(1).

Moreover, this Court does not conceive that a provision for termination of installments upon a specified contingency controllable by the wife has any effect upon the finality or alterability of the liability of defendant except upon the occurrence of the contingency.

There is nothing in the agreement or decree to indicate that the payments were to be made for the support of the wife. They were clearly to be made for the exoneration of property assigned to her in the division of the marital assets. The obvious intent of the provision was to afford to the

wife an amount of equity in the property greater than the equity existing at the time of the divorce but less than the full unencumbered value of the property. For example, if the gross value of the home were $60,000, and the mortgage were $40,000, the equity would have been only $20,000. If it was intended that the home represent a benefit of $40,000 to the wife, it would have been necessary to supplement the $20,000 equity with other property such as money, in cash or future obligation. This is obviously what occurred. The parties and the court determined that the award of the homeplace to the wife subject to the existing encumbrance or entirely free of debt would not be that to which the wife was equitably entitled in the division of their marital assets. It was therefore agreed and decreed that the wife would receive the home free of debt to the extent of eight years mortgage payments, but that she would receive it subject to the remaining mortgage as to which she would hold the husband harmless.

The provision for conditional termination of payments was a simple "bargaining chip", agreed upon by the parties and approved by the parties. The provision for reduction of amount of payment upon a contingency within the control of the payee did not render the schedule of payments indefinite in the sense that amount or continuation was flexible in accordance with needs or abilities of the parties.

Appellant cites *McKee v. McKee*, Tenn. App.1983; 655 S.W.2d 164. In that case, the divorce decree designated the house payments as alimony and reserved judgment as to whether the alimony was in solido or in futuro. Also, the payments were to be made until the twenty-second birthday of the child or the sale of the house prior to the child's twenty-first birthday. This Court observed that the child might die before its twenty-second birthday, that in such event the twenty-second birthday would never occur and the payments would be required indefinitely. No part of the agreement or decree in the present case would result in continuation of payments indefinitely after eight years.

The only uncertainty is a *shortening* of the time of payment on a specified contingency.

Appellant argues that the installments should cease upon the death of the husband or wife. This issue is not before this Court on this appeal, but this Court does not agree that a contract or decree provision for termination upon the occurrence of one specified event requires termination upon the occurrence of other, unspecified events. The parties made the contract in terms agreeable to themselves, their contract was approved by and made the judgment of the Court. The parties are bound by it in the absence of extraordinary grounds of relief which are not claimed or shown.

It is significant and instructive to observe that, if the situation were reversed and the wife had applied for an order extending the period of mortgage payments by the husband because of her disability and needs, there is little doubt that the husband would now be insisting upon the finality of the judgment and resisting modification.

If the agreement and decree are ambiguous to the extent of admitting oral explanation, the preponderance of the oral evidence supports the conclusion of the Trial Judge.

Other authorities cited by appellant have been examined. They support general propositions of law which are inapplicable to the peculiar circumstances of this case and do not support the specific contention of appellant that the designation of a specific contingency for termination of installments of a property settlement or of alimony in solido result in changing the property settlement or alimony in solido from a fixed obligation to alimony in futuro which can be changed by the Trial Court for changed circumstances.

Appellant's second issue is found to be without merit.

■ Appellant's third issue insists that the continuation of the house payments constitutes an unfair or inequitable burden.

The fairness or equity of the provisions of a property settlement are immaterial, once they have been agreed upon by the parties, approved by the Trial Judge, entered as a judgment and the judgment has become final by lapse of time.

Appellant's fourth issue is based upon an insistence that the Trial Court erred in failing to reduce or terminate his agreed and decreed house payment. For the reasons already stated, the Trial Judge did not err in denying relief as prayed for in appellant's petition.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

CANTRELL and KOCH, JJ., concur.