# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

May 8, 1996

Cecil W. Crowson
Appellate Court Clerk

FRANK R. DALTON,                    )
                                    )
    Plaintiff/Appellant,        )
                                    )  Davidson Chancery
                                    )  No. 95-876-III
VS.                                 )
                                    )  Appeal No.
                                    )  01-A-01-9601-CH-00029
TENNESSEE BOARD OF PAROLES,         )
                                    )
    Defendant/Appellee.         )


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR


For the Plaintiff/Appellee:

Frank R. Dalton, Pro Se


For the Defendant/Appellant:

Charles W. Burson
Attorney General and Reporter

Patricia C. Kussmann
Assistant Attorney General


## VACATED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a prison inmate's efforts to be paroled. After the Tennessee Board of Paroles declined to parole him, the inmate filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County seeking review of the board's decision. The trial court dismissed the petition on the ground that it failed to state a claim upon which relief could be granted, and the inmate appealed to this court. We have determined that the board has not demonstrated that it is entitled to a judgment as a matter of law, and therefore, we vacate the judgment and remand the case for further proceedings.

## **I.**

Frank R. Dalton raped his twelve-year-old stepdaughter and threatened her with harm if she reported it. His crime was discovered nonetheless, and on January 6, 1988, Mr. Dalton pled guilty to aggravated rape, aggravated sexual battery, and violation of bond and was sentenced to serve twenty-one years. He is currently incarcerated at the Carter County Work Camp.

Mr. Dalton had a parole hearing on February 1, 1995. The hearing officer recommended against parole because Mr. Dalton had not completed a treatment program for sex offenders. The parole board concurred with the hearing officer's recommended disposition, and Mr. Dalton was informed on February 27, 1995 that he would not be paroled and that his case would be reviewed again in February 1998. One of the concurring board members included a comment on the disposition form that Mr. Dalton had threatened his victim if she disclosed his behavior.

Mr. Dalton filed a pro se petition for common-law writ of certiorari in the Chancery Court for Davidson County on March 20, 1995. He asserted that the board's decision to deny him parole because he had not completed a treatment program for sex offenders was inconsistent with the consent decree in *Dean v. McWherter,* No. 1-90-0027 (M.D. Tenn. filed Aug. 18, 1994). The board moved

to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted and supported its motion with an affidavit of its staff attorney as well as a copy of its record of the disposition of Mr. Dalton's case. The trial court granted the board's motion and dismissed Mr. Dalton's petition.

## II.

We turn first to the standard of review. The courts will not interfere with the parole board's decisions with regard to the release of inmates if these decisions are made according to law. *Flowers v. Traughber,* 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995); Tenn. Code Ann. § 40-28-115(c) (1990). Accordingly, the scope of review available under a common-law writ of certiorari is very narrow and is limited to determining whether the board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). While the courts will not use the writ to inquire into the intrinsic correctness of the board's decisions, *Flowers v. Traughber,* 910 S.W.2d at 470; *Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d at 873, they will use the writ to determine whether the board has met its obligation to follow the applicable law and its own rules. *Wells v. Tennessee Bd. of Paroles,* 909 S.W.2d 826, 829 (Tenn. Ct. App. 1995).

Tenn. R. Civ. P. 12.02 provides that motions to dismiss for failure to state a claim upon which relief can be granted should be treated as motions for summary judgment if matters outside the pleadings are presented to and not excluded by the trial court. While trial courts have discretion to consider extraneous documents, *Pacific Eastern Corp. v. Gulf Life Holding Co.,* 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995), they must treat a Tenn. R. Civ. P. 12.02(6) motion as a motion for summary judgment if they do not exclude the extraneous evidence. *Hixson v. Stickley,* 493 S.W.2d 471, 473 (Tenn. 1973); *D. T. McCall & Sons v. Seagraves,* 796 S.W.2d 457, 459-60 (Tenn. Ct. App. 1990).

The board supported its motion in this case with extraneous documents which were not excluded by the trial court. Accordingly, its motion to dismiss must be treated as a motion for summary judgment. It follows that the board was entitled to the dismissal of Mr. Dalton's petition only if the material facts are undisputed and if it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993); *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). Our task on appeal is limited to determining whether Tenn. R. Civ. P. 56.03's requirements have been met. *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). While there are no material disputes concerning the facts relevant to the disposition of this case, we have determined that the board has not demonstrated that it is entitled to a judgment as a matter of law.

### III.

The essence of Mr. Dalton's claim is that the board acted arbitrarily and illegally by denying him parole because he had not completed a treatment program for sex offenders. Even though Tenn. Code Ann. § 41-21-235(b) (1990) provides that "[s]uccessful participation and completion of such treatment program shall be a requirement of parole from the correctional institutions by such offenders," Mr. Dalton asserts that the board could not apply the statute to him under the terms of the federal consent decree in *Dean v. McWherter.*

### A.

*Dean v. McWherter* involved a class action filed in the United States District Court for the Middle District of Tennessee on behalf of all convicted sex offenders in the custody of the Tennessee Department of Correction. The inmates challenged the constitutionality of Tenn. Code Ann. § 33-6-302 (1984) which defined sexual offenders as "mentally ill persons" who "should be given continued care and treatment so long as their release would constitute a threat to them or to the general public." They also challenged the constitutionality of Tenn. Code

Ann. § 41-21-235(b). On February 24, 1992, the United States District Court entered a memorandum and order rejecting the report and recommendation of the United States Magistrate Judge and determining that Tenn. Code Ann. § 33-6-302 was constitutional on its face. The district court specifically withheld ruling on the constitutionality of Tenn. Code Ann. § 41-21-235(b). *See Nichols v. McWherter,* No. 3-88-0614 (M.D.Tenn. filed Feb. 24, 1992).

Thereafter, on June 3, 1994, the parties stipulated that the sexual abuse treatment program required in Tenn. Code Ann. § 41-21-235(a) had "not been fully developed and instituted by the Tennessee Department of Correction." Their stipulation also provided:

> 2. The Tennessee Board of Paroles will not apply the provisions of Tenn. Code Ann. § 41-21-235(b) until such time that the sex abuse treatment program is fully instituted.
>
> 3. The provisions of Tenn. Code Ann. § 41-21-235(b) will be applied only to those sex offenders who are committed to the custody of the Department of Correction after the sex abuse treatment program is instituted.
>
> 4. Each sex offender who comes before the Board of Paroles will be judged on his or her own merits. The Board will apply the factors set forth in the Rules of the Board of Paroles, Chapter 1100-1-1-.06, to each sex offender in determining whether to grant or deny parole.

The United States District Court entered an order on August 18, 1994, approving the parties' stipulation and dismissing the suit "without prejudice to the merits of any claims should the Tennessee Board of Paroles take any action to deny parole pursuant to Tenn. Code Ann. § 41-21-235(b)." *Dean v. McWherter,* No. 1-90-0027 (M.D. Tenn., filed Aug. 18, 1994).

**B.**

The board does not contest the validity or the applicability of *Dean v. McWherter* to this case. Instead, it argues that the stipulations do not prevent it from recommending that a prisoner complete a treatment program for sex offenders before being released on parole. It interprets the United States District Court's order as permitting the use of the completion of a treatment program as a prerequisite to parole as long as it does not "mechanically" apply Tenn. Code Ann. § 41-21-235(b). We do not agree with the board's interpretation of the United States District Court's order.

Judgments and orders should be construed using the rules of construction applied to other written instruments. *Livingston v. Livingston,* 58 Tenn. App. 271, 281, 429 S.W.2d 452, 456 (1967). Thus, we should construe a judgment in light of the pleadings and the entire record, *Vanatta v. Vanatta,* 701 S.W.2d 824, 826-27 (Tenn. Ct. App. 1985); *Fleming v. Kemp,* 27 Tenn. App. 150, 154, 178 S.W.2d 397, 399 (1944), and we should endeavor to give all parts of a judgment their full, reasonable, and consistent effect. *Branch v. Branch,* 35 Tenn. App. 552, 555-56, 249 S.W.2d 581, 582-83 (1952).

The plain wording of the stipulations approved by the United States District Court limits the board's ability to rely on Tenn. Code Ann. § 41-21-235(b). Under no circumstances can it use an inmate's failure to complete a treatment program for sex offenders as grounds to deny parole until it has fully developed and instituted the treatment program required by Tenn. Code Ann. § 41-21-235(a). Even after it institutes this program, it can only apply Tenn. Code Ann. § 41-21-235(b) to inmates who were incarcerated after the program was instituted. The board's parole decisions with regard to inmates to whom Tenn. Code Ann. § 41-21-235(b) does not apply must be consistent with Tenn. Comp. R. & Regs. 1100-1-1-.06.

The board did not merely "recommend" that Mr. Dalton participate in a treatment program for sex offenders. Its own records and the affidavit of its staff attorney show clearly that it declined to parole Mr. Dalton because he had not completed a treatment program for sex offenders. Thus, the board visited upon Mr. Dalton the very injustice that the United States District Court addressed in *Dean v. McWherter.* Since there is no evidence that the department had fully implemented the treatment program by February 1995, the board imposed an impossible condition on Mr. Dalton's parole, namely the completion of a treatment program that did not exist.

The Department of Correction had not instituted the treatment program required by Tenn. Code Ann. § 41-21-235(a) when Mr. Dalton was incarcerated in 1988. Thus, Mr. Dalton is not one of the inmates whose parole can be denied pursuant to Tenn. Code Ann. § 41-21-235(b). The board, therefore, acted arbitrarily and illegally when it refused to abide by the consent decree in *Dean v. McWherter* and declined to parole Mr. Dalton because he had not completed a treatment program for sex offenders. Accordingly, Mr. Dalton's petition stated a cause of action upon which relief under a common-law writ of certiorari could be granted, and the board has failed to demonstrate that it is entitled to a judgment of dismissal as a matter of law.

## C.

Our determination that the board acted arbitrarily and illegally by failing to follow its agreement in *Dean v. McWherter* does not necessarily end the inquiry. The board's reliance on Tenn. Code Ann. § 41-21-235(b) could be considered harmless error if the board had other adequate, independent grounds for declining to grant Mr. Dalton parole. These grounds, if they exist, must be among the grounds listed in Tenn. Comp. R. & Regs. 1100-1-1-.06.

The preprinted document used by the board to report its action states that the board declined to parole Mr. Dalton because he had not completed a treatment program for sex offenders and because he "violated position of trust as father

figure." The latter rationale does not fit readily into one of the seventeen factors listed in Tenn. Comp. R. & Regs. 1100-1-1-.06(1) and does not appear to relate to either Tenn. Comp. R. & Regs. 1100-1-1-.06(3)(b) or 1100-1-1-.06(3)(e).

Unspecific findings of fact and conclusions of law hamper a court's ability to determined whether an administrative decision rests on the law and the evidence or whether it is arbitrary and capricious. *Levy v. State Bd. of Examiners for Speech Pathology and Audiology,* 553 S.W.2d 909, 912 (Tenn. 1977). We cannot discern from the record of the board's decision whether it would have declined to release Mr. Dalton on parole had it not relied upon Tenn. Code Ann. § 41-21-235(b) or whether the board properly limited its review of Mr. Dalton's case to the factors listed in Tenn. Comp. R. & Regs. 1100-1-1-.06. Accordingly, we have determined that the trial court should have remanded the case to the board with directions to consider whether Mr. Dalton should be paroled using only the factors listed in Tenn. Comp. R. & Regs. 1100-1-1-.06.

This case differs factually from *Arnold v. Tennessee Board of Paroles,* App. No. 01-A-01-9508-CH-00375 (Tenn. Ct. App. May 8, 1996) in which an inmate also asserted that the board had improperly relied on Tenn. Code Ann. § 41-21-235(b) to deny him parole. While Mr. Arnold, like Mr. Dalton, was among the class of sex offenders covered by the *Dean v. McWherter* federal consent decree, the board did not specifically decline to parole him because he had not completed a treatment program for sex offenders. The board declined to parole Mr. Arnold because of the "seriousness of [his] offense."[1] The board's decision with regard to Mr. Arnold was not illegal or arbitrary because Tenn. Comp. R. & Regs. 1100-1-1-.06(3)(b) authorizes the denial of parole if the inmate's release would "depreciate the seriousness of the offense." Accordingly, Mr. Arnold's petition for writ of certiorari failed to state a claim upon which relief could be granted.

---

[1] In the space for comments on the board's disposition form, someone had written "continue with after care." While the meaning of this comment is not readily apparent, Mr. Arnold asserted that "after care" referred to the treatment program required by Tenn. Code Ann. § 41-21-235(a). Even if Mr. Arnold is correct, this fact would be irrelevant since the board's sole reason for declining parole was the seriousness of Mr. Arnold's offense.

## IV.

We vacate the order dismissing Mr. Dalton's petition and remand the case to the trial court for the entry of an order consistent with this opinion remanding the case to the board for further consideration. We tax the costs of this appeal to the Tennessee Board of Paroles.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
SAMUEL L. LEWIS, JUDGE