W. W. Collins *v.* S. J. Williams and Tippie Williams.

(*Nashville,* December Term, 1930.)

Opinion filed March 14, 1931.

DAVID WADE, JR., for plaintiff in error.

R. E. DOTSON, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is an attachment suit instituted before a justice of the peace. The defendants were served with personal process, and their interest in a tract of land attached.

The justice rendered judgment on May 2, 1929, in favor of plaintiff against defendants for $299.21 and costs, and sustained the attachment. The papers were returned to the circuit court on May 11, 1929, in order that the land attached might be condemned and sold.

It appears that through oversight the justice failed to enter judgment on his docket until November 7, 1929, the day on which the case was tried in the circuit court, when he entered a *nunc pro tunc* judgment, and filed a certified copy of same in the circuit court before the case was heard.

The defendants filed a plea in abatement in the circuit court, by which the validity of the judgment was questioned. No testimony was offered by either side. The trial court, being of opinion that the plea in abatement was insufficient in law, overruled same, and ordered the land sold. Defendants have appealed and by assignments of error question the legality of the proceedings in the circuit court.

Section 5942 of Shannon's Code provides:

"Every justice of the peace shall keep, in a well bound book, properly ruled for that purpose, a docket of all judgments rendered by him, showing in whose favor and against whom each judgment is rendered, the names of the parties in full, and the date and amount of the judgment."

It will be observed that the statute does not limit the time within which a judgment rendered shall be entered on the docket.

Under the title "Justices of the Peace," the following appears in 35 Corpus Juris, 671: "A judgment

is 'rendered,' within the meaning of regulations as to the time of rendition, when it is made up and announced by the justice, or a memorandum thereof is made, and not when the judgment is entered.''

In the same book, on page 676, it is said:

''Where an action is tried by a justice without a jury, the clerical duty of entering his judgment may in most jurisdictions be performed within a reasonable time, even where time for entry is provided by statute.''

In the same work, under the title of ''Judgments,'' volume 34, pages 71-72, it is said:

''The term *'nunc pro tunc'* is a phrase used to express that a thing is done at one time which ought to have been performed at an earlier time. As applied to judgments, in certain cases a judgment may be both rendered and entered *nunc pro tunc,* while in other classes of cases an entry *nunc pro tunc* presupposes a judgment actually rendered by the court, but not entered by the clerk.

''There is an inherent common-law power in the courts, independently of any statute, to cause the entry of judgments *nunc pro tunc* in proper cases and in furtherance of justice. This power belongs to all courts of record, and may be exercised by an appellate court as well as by the trial court. But such power must be exercised by the court; it does not appertain to the clerk of the court, who has no authority to enter a judgment *nunc pro tunc* without an order of court to that effect.

''A judgment will not ordinarily be directed to be entered *nunc pro tunc* unless it is shown that some injury or injustice will result from a refusal to do so, and particularly not to enable one party to gain an advantage over the other party to which he would not have been entitled at the proper time for entering the judgment. A void judgment should not be entered *nunc pro tunc.*

"A motion for entry of judgment *nunc pro tunc* is addressed very largely to the discretion of the court, and should be granted or refused as justice may require in view of the circumstances of the particular case.

"A judgment *nunc pro tunc* presupposes a judgment actually rendered at the proper time, but not entered, and it is a general rule that a judgment *nunc pro tunc* cannot regularly be entered unless such judgment has been in fact previously rendered."

And on pages 77-78 it is further stated:

"The right to entry of a judgment *nunc pro tunc* is not barred by lapse of time, but may be made at any time, even at a subsequent term, in the absence of any statutory limitation, upon proper proceedings to that end, without any showing of diligence, although long unexplained delay in moving, or negligence or fault of the moving party causing the delay, may be ground for denial of the application for entry *nunc pro tunc*."

So far as appears from the record no injury was suffered by the defendants as a result of this oversight, the disposition of the case in the circuit court was not delayed, and the justice did not abuse his discretion in making the *nunc pro tunc* entry.

It is further insisted that the case was continued to May 10, 1929, and hence if the judgment was rendered on May 2d, it was premature. We are unable to find from the record that the case was continued, but conceding that it was, the judgment would not be void but only erroneous, and could have been corrected upon appeal. *R. G. Glover, Adm'r,* v. *Seburn Holman et al.,* 50 Tenn., 519.

Finally, it is said that the court committed error in overruling so much of the plea in abatement as denied that defendants were about to fraudulently dispose of

their property, etc. This defense would have been proper in the original case. The justice sustained the attachment and defendants did not appeal, so that this question is foreclosed and cannot be raised in this proceeding.

The assignments of error do not go the merits, are not well taken, and must be overruled, and the judgment of the trial court affirmed.

The motion of appellee, W. W. Collins, to dismiss the appeal of appellants is without merit, and is therefore denied.