**Elizabeth W. CHRISTOPHER, Plaintiff-Appellant,**

v.

**Sue S. SPOONER and Edward M. Spooner, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Jan. 5, 1982.

Permission to Appeal Denied by Supreme Court March 15, 1982.

Rodger N. Bowman, Bowman, Watson & Atkins, Clarksville, for plaintiff-appellant.

Richard H. Batson, Daniel, Harvill, Batson & Nolan, Clarksville, for defendants-appellees.

## OPINION

CONNER, Judge.

The sole issue raised is when is a general sessions judgment *rendered* so that the one-year statute of limitations on the refiling of a case that has been non-suited begins to run.

This tort action was instituted in the Montgomery County General Sessions Court on January 7, 1977. Thereafter, the plaintiff-appellant, Elizabeth W. Christopher,[1] moved for a non-suit, which was granted by the general sessions judge on March 30, 1979. An order to this effect was signed by the judge and by the attorneys for both parties and filed with the clerk of the court on that same day. However, for some unexplained reason the clerk failed to make an entry on the docket book of the court and the order of non-suit was misplaced in the clerk's office. Subsequently, on July 2, 1979, a notation was finally made on the docket book as required by T.C.A. § 16–15–405[2] that the case had been dismissed for lack of prosecution.

Thereafter, on July 2, 1980, some fifteen months after the date on which the non-suit was originally granted, but within one year of the date of the entry in the docket book, Mrs. Christopher brought her claim a second time in the Montgomery County Circuit Court. The defendants moved to dismiss the action arguing that it was barred by the statute of limitations. The motion was granted. The plaintiff appeals.

It is plaintiff's contention that the judgment was not rendered until July 2, 1979, when the dismissal was entered in the docket book. We respectfully disagree.

■ It was mandatory that Mrs. Christopher bring her action within one year from the time that the previous dismissal was *rendered* in order not to be time barred. T.C.A. § 28–1–105.[3]

■ We believe the judgment herein was *rendered* for purposes of T.C.A. § 28–1–105 on March 30, 1979, when the general sessions judge signed a written order, approved by both counsel, dismissing plaintiff's suit, and filed that order with the clerk of that court. The failure of the clerk at that time to make a notation in the docket book does not adversely affect the

---

1. *Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.*

2. *Dockets.*—(a) Every general sessions court judge shall keep, in a well bound book, properly ruled for that purpose, a docket of all judgments *rendered* by him, showing in whose favor and against whom each judgment is *rendered,* the names of the parties in full, and the date and amount of the judgment.

    .     .     .     .

  (2) The judge shall enter therein, in continuous order, and in distinct columns, with proper date to each act:
  (A) The number of each case;
  (B) The date of trial, and of each continuance, if any;
  (C) The names of the parties in full;
  (D) The amount of the judgment;
  (E) The name of the stayor, if any;
  (F) The name of the officer who returns the warrant;
  (G) The date of the issuance of each execution, and to whom delivered;

  (H) The bill of costs, the items written in words, with the amounts in figures; and
  (I) The date of the return of the execution, by whom returned, and the substance of the return.
  (c) *A substantial compliance with the requirements of this section will be sufficient to render the proceedings and entries valid for all purposes, so far as the parties litigant are concerned,* and all persons claiming under them.... (Emphasis supplied.)

3. *New action after adverse decision.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is *rendered* against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is *rendered* in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. (Emphasis supplied.)

previously rendered decision of the court. The clerk's failure to timely perform this ministerial function should not extend plaintiff's rights under T.C.A. § 28–1–105. General sessions courts are not courts of record and do not maintain formal minutes as do such courts. The statute which requires maintenance of a docket book in sessions court, T.C.A. § 16–15–405, *supra,* in no way purports to set an effective date for orders of sessions judges, or what would be the effect of failure of the clerk to note orders of the judges in the docket book. Further, substantial compliance with the "docket book" statute renders a judgment valid as to litigants. T.C.A. § 16–15–405(c), *supra. See also McCarver v. Jenkins,* 49 Tenn. 629 (1870).

Generally, a judgment is rendered when it is pronounced or announced by the court. Black's Law Dictionary 1460 (Rev. 4th ed. 1975). The judicial act or rendition is to be distinguished from the ministerial action of entering a judgment. 49 C.J.S. *Judgments* § 100 (1974).

Tennessee courts are in accord with these general statements in their interpretation of when a judgment is rendered. In *Jackson v. Jarrett,* 165 Tenn. 76, 52 S.W.2d 137 (1932), the supreme court was faced with the construction of a statute requiring application for rehearing at the term of court at which the judgment was *rendered.* The court stated:

> *"Rendered" means expressed or announced in a conclusive manner* and with decisive effect, certainly so when at the same time notation of it is made on a judgment docket, or other more or less permanent memorandum record kept by the Judge for the purpose. *"The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court.* * * * *To render judgment is to return or give judgment; and it can not be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment." Anderson v.*

*Mitchell,* 58 Ind. 594; *Gray v. Palmer,* 28 Cal. 416.

In Ency. of P. P. vol. 2, p. 249, it is said:

> "The prevailing rule construes a statute requiring an appeal to be taken within a defined statutory period after the 'rendition' of the judgment as mandatory (citing numerous authorities), and *requires the time to appeal to be computed from the date of the actual rendition, and not from the entry."*

*Id.* at 79–80, 52 S.W.2d at 138. *Accord see: McCown v. Quillin,* 48 Tenn.App. 162, 168–171, 344 S.W.2d 576, 579–580 (1960); *Shepard v. Lanier,* 192 Tenn. 608, 615, 241 S.W.2d 587, 590 (1951). Even though the *Jackson* court determined that the party adversely affected was not compelled to move until legal effect is given the rendition of the judgment by entry thereof on the minutes of the court, *Jackson v. Jarrett, supra* at 81, 52 S.W.2d at 138, we do not believe that holding applicable to either the statute in question or to courts *not of record.*

We believe the case of *Collins v. Williams,* 162 Tenn. 262, 36 S.W.2d 93 (1931) is dispositive. There, the justice of the peace rendered judgment on May 2, 1929, but failed to enter it until November 7, 1929. At that time he entered a *nunc pro tunc* judgment. The defendants questioned the propriety of the *nunc pro tunc* judgment, but it was sustained. In *Collins* our supreme court, speaking through Mr. Justice McKinney, in reference to an earlier version of the docket book statute, T.C.A. § 16–14–405, *supra,* stated:

> It will be observed that the statute does not limit the time within which a judgment rendered shall be entered on the docket.
>
> . . . "A judgment is 'rendered,' within the meaning of regulations as to the time of rendition, when it is made up and announced by the justice, or a memorandum thereof is made, and not when the judgment is entered." (Emphasis supplied.)

*Id.* at 264, 265, 36 S.W.2d at 94; *see also Carter v. Board of Zoning Appeals of the City of Nashville,* 214 Tenn. 42, 46–48, 377 S.W.2d 914, 916 (1964).

In *Snell v. Leffew,* 558 S.W.2d 849 (Tenn. App.1977), the court held that the dismissal of the original action by the plaintiff taking a non-suit was effective upon the date of the *filing* of the written notice of non-suit or the filing of the order of non-suit. Then, in the recent case of *Cantrell v. Humana of Tennessee, Inc.,* 617 S.W.2d 901 (Tenn.App. 1981), the court considered the question of entering a *nunc pro tunc* order of non-suit to effectively cut off the right of refiling the action under the "Savings Statute." Concurring in the holding of *Snell, supra,* the court stated:

> ... *The taking of the voluntary non-suit rested within the sole discretion of the plaintiff's counsel* and was not effected until the order was *filed* on October 31, 1978; ... (Emphasis supplied.)

*Id.* at 903. In the instant case, the order was *filed* fifteen months before plaintiff's second suit.

T.C.A. § 28–1–105 is explicit that the new action must be commenced within one year after the decree is rendered. If the courts and legislature had intended for the limitations period to run from entry of the decree, as opposed to rendition, we believe they would have done so as was done in T.R.C.P. 58[4] and T.R.A.P. 4.[5] Prior to the adoption of the Tennessee Rules of Civil Procedure, there had been some question as to when time computations began regard-

ing motions for a new trial. Now, T.R.C.P. 58.02 clearly provides that all judgments shall be effective upon entry of same, unless the court orders otherwise, and it is the *filing* of that signed judgment with the clerk of the court which constitutes the entry. As stated in the committee comment to that rule, it was designed to make uniform across the state the procedure for the entry of judgment and to make certain the effective date of a judgment. While under T.R.C.P. 1, these rules are not applicable to general sessions court, their logic is persuasive.

Plaintiff argues that the docket book notation is controlling here because "Those docket books are the official entries of the Court and the general public should be able to rely upon same." We believe this argument to be unsound. It cannot be fairly contended that plaintiff had a right to rely on such entry. The original plaintiff and her counsel controlled the dismissal of her suit, not the court or the defendants. Plaintiff's counsel was aware that the court had signed the judgment and that it was filed with the clerk.

No right of the plaintiff is prejudiced by our holding. The case was non-suited on March 30, 1979, at the insistence of plaintiff. Having full knowledge of this action attributable through her counsel, plaintiff is not entitled to take advantage of the oversight of the clerk in failing to timely perform an administrative duty. To extend the statute of limitations herein would be unfair, improper and inconsistent with ex-

---

4. *Signing.*—Except when otherwise specifically provided by statute, all judgments shall be signed by the judge and filed with the clerk.

*When judgment entered.*—The *filing* with the clerk of a judgment, signed by the judge, *constitutes the entry* of such judgment. *The effective date of judgments and other actions of the court shall be the date of filing;* ... The clerk shall note the entry of the judgment and date of such entry thereof upon the civil docket and upon the face of the judgment and shall promptly copy all judgments of the court upon the official minutes*, but all judgments shall be effective upon entry of same as hereinbefore provided, unless otherwise ordered by the court* .... (Emphasis supplied.)

5. *Appeal as of Right: Time for Filing Notice of Appeal.*—

(a) Generally.—In an appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from ....

(b) Termination by Specified Timely Motions in Civil Actions.—In a civil action if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: ... *the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.* ... (Emphasis supplied.)

isting law. If we did so, we would be forced to hold that even if all parties are aware of the filing of a properly signed order of non-suit with the clerk of a sessions court on a day certain, but through oversight the clerk *never* makes an entry in the court's docket book, that the one-year statute of limitations on bringing the suit anew *never* runs. This we cannot do.

The statutes pertaining to the memorialization of the actions of a general sessions judge are less than complete and precise. T.C.A. § 16–15–405, *supra,* does not even contemplate the existence of a clerk of the general sessions court. That statute, if literally construed, would require that the judge—as opposed to the clerk or a deputy—make *all* the requisite entries in the docket book, not merely to approve the actions of the clerk, which is the common practice. To expect a sessions judge who may hear several hundred cases a week to do all this borders on the ridiculous.

That same statute according to its terms and requisites suggests that the docket to be kept is in actuality an "execution docket." Most of the language of that statute is entirely inapplicable when the judgment of the court is for other than money.

T.C.A. § 19–1–115(a) regarding the extent of a party's right to ascertain the disposition by the judge of a matter brought in general sessions court merely refers to the "entries made by him on his docket." There is no mention in the statutes as to the validity of entries made by general sessions judges on the warrants by which actions are instituted in those courts, or any other memorandum or order which a general sessions judge might execute and file with the clerk. This court takes judicial notice of the long standing practice of the general sessions judges to enter on the warrant any action taken in a given case.

Though under the facts of this case we are comfortable that the result below was proper, we suggest that the legislature may want to review the entire question of memorialization of the judgments in general sessions courts consistent with the realities of modern day practice. Until such legisla-

tion shall be enacted, this court would be disposed to recognize the signed entry of the judge on the warrant, duly filed with the clerk, as an acceptable record of the actions taken by him or her.

The ruling of the learned trial judge was correct. After this opinion was substantially completed, but obviously before its filing, the members of this court were shocked and saddened to learn of Judge Boyer's death. He was an eminent jurist and a good man in all respects. He will be missed. We extend our sympathies to his family.

Accordingly, the judgment of the trial court is affirmed and this cause is remanded. The costs are taxed to plaintiff.

AFFIRMED AND REMANDED.

TODD, P.J. (M.S.), and LEWIS, J., concur.