IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2002

**STATE OF TENNESSEE v. IVAN RAY SHIRK**

**Appeal from the Criminal Court for Knox County**
**No. 59857     Richard R. Baumgartner, Judge**

**No. E2001-00460-CCA-R3-CD**
**August 21, 2002**

The defendant, Ivan Ray Shirk, appeals from the Knox County Criminal Court's denial of his motion to declare void the judgment proclaiming him to be a habitual offender pursuant to the Motor Vehicle Habitual Offenders (MVHO) Act. He contends that the MVHO judgment is void because the trial court improperly entered it nunc pro tunc before entry of the judgments on two of the three qualifying offenses. We affirm the trial court's denial of the defendant's motion to void the MVHO judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mark E. Stephens, District Public Defender; Paula R. Voss and John Halstead, Assistant Public Defenders, for the appellant, Ivan Ray Shirk.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 19, 1996, the defendant pled guilty to two counts of driving on a revoked license (DRL), a Class B misdemeanor, for offenses occurring on October 2, 1994, and February 19, 1995. At the submission hearing, the state presented a petition to have the defendant declared a habitual motor vehicle offender. See Tenn. Code Ann. § 55-10-601 et seq. In addition to the two DRL offenses, the state listed a February 20, 1992 conviction for driving under the influence of an intoxicant (DUI) as the qualifying convictions. The state asserted that the defendant had agreed to concede that he was a habitual offender and that it had agreed that the judgment on the MVHO conviction would be entered nunc pro tunc to take effect October 2, 1994. The trial court found the defendant to be a habitual offender under the MVHO Act because he had been convicted of three traffic offenses within a five-year period. It entered a judgment nunc pro tunc to October 2, 1994,

ordering him to surrender his driver's license and prohibiting him from having a driver's license for three years.

On November 7, 2000, the defendant moved the trial court to declare the MVHO judgment void pursuant to Rule 60.02, Tenn. R. Civ. P, because the judgments for his DRL convictions were not entered until May 17, 1996, which was after the entry of the MVHO judgment. At the hearing on this motion, the trial court found that it had reserved judgment on the DRL cases until May 17, 1996, in order to give the defendant a chance to pay his costs on those cases. It observed that the defendant had agreed to be declared a habitual offender in exchange for the state's agreement that the judgment be ordered nunc pro tunc to October 2, 1994. It found that, thereby, the defendant received the benefit of the opportunity to obtain a driver's license three years after October 2, 1994, rather than January 19, 1996. It concluded that while the MVHO judgment might be voidable, it was not void, noting that it had jurisdiction over the defendant, who was present and had signed the judgment. It also determined that the defendant had waived any irregularities in the judgment because he waited an unreasonable length of time before seeking to set it aside.

The defendant contends that the MVHO judgment is void because (1) the nunc pro tunc entry did not reflect an earlier judgment and (2) it was entered before the judgments of conviction on two of the underlying offenses. The state contends that the defendant's lengthy delay in challenging the MVHO judgment is unreasonable under Rule 60.02, Tenn. R. Civ. P. Although it concedes that the trial court lacked the authority to enter the judgment nunc pro tunc to 1994, it argues that this court should affirm the trial court's finding that the defendant is a habitual offender and remand the case for proper entry of the MVHO judgment. We agree with the defendant that the nunc pro tunc entry of the judgment is erroneous but conclude that it does not render the MVHO judgment void.

Tennessee case law has firmly established that a proceeding under the MVHO Act is civil in nature and governed by the Tennessee Rules of Civil Procedure. See State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). In the present case, the defendant seeks relief from the judgment pursuant to Rule 60.02, which provides, in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void . . . . The motion shall be made within a reasonable time . . . ." The burden of proof is on the one seeking relief from a judgment under Rule 60.02 to show the facts giving rise to the relief. Banks v. Dement Const. Co., 817 S.W.2d 16, 18 (Tenn. 1991). This burden must be met by clear and convincing evidence. Howard v. Howard, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999); Duncan v. Duncan, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990). Furthermore, a trial court's denial of a motion for relief based on Rule 60 is subject to reversal only upon an abuse of discretion. See Underwood v. Zurich Ins. Co., 854 S.W.2d 94, 97 (Tenn. 1993).

Initially, we examine the state's contention that the defendant's claims must fail because he has not moved to vacate the MVHO judgment within a reasonable time under Rule 60.02. It argues that the trial court properly found that the defendant's near four-year, ten-month delay in challenging the MVHO judgment was unreasonable. Generally, we agree with the trial court that a four-year, ten-month delay is an unreasonable time in which to bring a Rule 60.02 challenge. The broad power

granted by Rule 60.02 is not to be used to relieve a party from free, calculated, and deliberate choices. See Banks, 817 S.W.2d at 19 (construing Rule 60.02(5)). Although the defendant did not attempt to explain the delay at the hearing on his motion to declare the MVHO judgment void, the trial court observed that "apparently there was some driving violation that occurred, which gave rise then to your motion to set this aside." The defendant waited almost four years, ten months before he challenged the MVHO judgment and only did so when he was faced with the potential ramifications of violating it. "The defendant cannot use this court to benefit from his neglect after the judgment was rendered." State v. Ronald D. Correll, Jr., Nos. 03C01-9707-CC-00295, 03C01-9801-CC-00014, Blount County, slip op. at 4 (Tenn. Crim. App. Oct. 21, 1998), app. denied (Tenn. Apr. 5, 1999) (holding that the defendant's unjustified, twenty-month delay in challenging his MVHO judgment was unreasonable under Rule 60.02); see also Day v. Day, 931 S.W.2d 936, 939-40 (Tenn. Ct. App. 1996) (holding that a petition challenging a divorce decree filed fourteen months after the decree became final was untimely when the petitioner made a free and deliberate choice not to appeal from the final decree).

The defendant contends that Ronald D. Correll, Jr. is distinct from the present case because the defects in the judgment in Correll were technical in nature and, notwithstanding the untimeliness of the defendant's challenge, this court determined that the defects did not render the judgment void. He argues that in the present case, the error renders the judgment void, and a void judgment can be challenged at any time. He cites to Pittman v. Pittman, which holds that "except for exceptional circumstances that might require a different rule, Tenn. R. Civ. P. 60.02's reasonable time limitation does not place a time limit on the right to challenge a judgment on the ground that it is void." No. 01-A-01-9301-CH-00014, Maury County, slip op. at 5 (Tenn. Ct. App. Aug. 24, 1994) (analyzing husband's Rule 60.02(3) challenge to divorce decree five years after its entry). Even taking the defendant's contention regarding Rule 60.02's time limit as true, the judgment is not void.

The state concedes that the trial court erroneously entered the MVHO judgment nunc pro tunc to be effective as of October 2, 1994. "A nunc pro tunc order is not permitted to antedate and belatedly enter of record a judgment never in fact previously pronounced by the Court." State v. Morris, 788 S.W.2d 820, 824 (Tenn. Crim. App. 1990); see Thomas v. State, 206 Tenn. 633, 639, 337 S.W.2d 1, 4 (1960) (observing that "where a judgment is pronounced but not entered, it may be later entered nunc pro tunc, as of the date of its pronouncement, provided the requisite facts appear of record to justify its entry"). Here, the trial court rendered no MVHO judgment as of October 2, 1994, and, indeed, any such judgment would have been before the defendant committed the third qualifying offense. In light of this error, the state argues that we should remand the case for the trial court to reenter the MVHO judgment, presumably as of January 19, 1996, the date it was rendered. The defendant argues that the trial court's entry nunc pro tunc of a judgment never before rendered makes the MVHO judgment void.

We begin by noting that a judgment is void if imposed by a court lacking in jurisdiction over either the subject matter or the parties. Nolan v. Cameron, 77 Tenn. 234, 237 (1882); see also Magnavox Co. v. Boles & Hite Constr. Co., 583 S.W.2d 611, 613 (Tenn. Ct. App. 1979) (discussing Rule 60.02(3)). If a judgment meets all the requirements to make it valid and the objectionable portion of the judgment adds nothing to its force and the exclusion of the objectionable portion does

not change the operation or effect of the judgment, then the objectionable portion can be treated as surplusage. Fanning v. Fly, 42 Tenn. 486, 489-90 (1865); 16 Tenn. Jur. Judgments and Decrees § 82 (1998); see also Torilla v. Alexander, 104 Tenn. 453, 454, 58 S.W.124, 125 (1900) (holding the objectionable words stating that the damages were subject to all credits were surplusage and did not prevent the valid judgment from being final).

Our supreme court has stated in dicta that a judgment actually previously rendered and later entered nunc pro tunc to a day preceding the date of rendition "would not be void, but only erroneous, and could [be] corrected upon appeal." Collins v. Williams, 162 Tenn. 262, 266, 36 S.W.2d 93, 95 (1931). In Lowder v. Anderson, the court of civil appeals struck the nunc pro tunc language in the probate court's order because the court had not made the order on the date to which it was entered nunc pro tunc. 4 Hig. 620, 630 (Tenn. Ct. App. 1914). The court deemed the order to be proper on the day that it was actually made and regarded the nunc pro tunc language as surplusage, noting it to be "useless and of no effect." Id.

In the present case, the trial court rendered an MVHO judgment on January 19, 1996. Following the above precedents, the nunc pro tunc language in the MVHO judgment is surplusage, provided the judgment is otherwise valid. The defendant contends that the MVHO judgment is still void if deemed effective as of its actual date of entry on January 19, 1996, because this date precedes the entry of the judgments of conviction on two of the qualifying offenses. He also argues that this court should not affirm the judgment in the absence of the nunc pro tunc language because the nunc pro tunc status of the judgment was an integral part of his agreement to concede his status as a habitual offender.

As noted above, a judgment must be rendered by a court with jurisdiction over the subject matter and the parties to be valid. In the present case, the Knox County Criminal Court, as a court of general criminal jurisdiction, had jurisdiction over the determination of the defendant's MVHO status. See Tenn. Code Ann. § 55-10-606(a); see also Tenn. Code Ann. § 16-10-102 (granting the circuit courts original jurisdiction over all crimes). Furthermore, the trial court expressly found that it had personal jurisdiction over the defendant, who was present at the submission hearing. The MVHO Act requires that "if the court finds that such defendant is an habitual offender, the court shall make an order directing that such person shall not operate a motor vehicle on the highways of this state." Tenn. Code Ann. § 55-10-613(a). The present MVHO judgment declares the defendant to be a habitual offender and orders that he may not have a driver's license for three years. We conclude that the fact that the DRL convictions were not entered until after the MVHO judgment, even if erroneous, does not render the judgment void. Furthermore, we deem the defendant's contention regarding the nunc pro tunc language being integral to his concession to habitual offender status to relate to the voluntariness of the concession. Similarly, an involuntary guilty plea renders the resulting judgment voidable, not void. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The defendant's claims regarding the voluntariness of his concession do not render the MVHO judgment void.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the defendant's motion to declare the MVHO judgment void.

_____
JOSEPH M. TIPTON, JUDGE