IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2007 Session

## MARSHA L. STEWART, ET AL. v. RICKY E. COTTRELL, ET AL.

Appeal from the Circuit Court for Davidson County
No. 06C-1267     Marietta Shipley, Judge

No. M2006-02253-COA-R3-CV - Filed September 28, 2007

The issue on appeal is whether the general sessions court may back date the dismissal of a civil warrant, the result of which deprives the plaintiff of the benefit of the Savings Statute to commence a new civil action. When it was discovered that the plaintiffs had requested a voluntary dismissal a year and a half earlier but the case had not been dismissed, the general sessions court entered a dismissal and backdated the effective date of the dismissal to the date the voluntary dismissal had been requested. When the plaintiffs perfected an appeal of the dismissal to the circuit court within ten days of the entry of the order of dismissal, the defendants moved to dismiss the case as being barred by the statute of limitations, relying on the *nunc pro tunc* application of the dismissal. The circuit court dismissed the case as time barred and this appeal followed. We have determined a dismissal of a civil warrant is not effective until an order of dismissal, signed by the judge, is entered by the clerk of the court. The plaintiffs timely appealed the dismissal of their general sessions warrant within ten days of the date of entry of the order by the clerk. Therefore, this action is not time barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Robert B. Littleton and James A. Beakes III, Nashville, Tennessee, for the appellants, Marsha L. Stewart and Timothy G. Stewart.

Christian M. Garstin, Nashville, Tennessee, for the appellees, Ricky E. Cottrell, Kathy D. Cottrell, and Heather B. Cottrell.

### OPINION

Marsha and Timothy Stewart ("plaintiffs") were involved in a motor vehicle accident in October of 2003 with Heather Cottrell, who was driving a vehicle owned by her parents Ricky and Kathy Cottrell. A third vehicle driven by Ricky Barbee was also involved in the accident.

The plaintiffs timely filed the civil warrant at issue in this appeal against Ricky Cottrell, Kathy Cottrell, and Heather Cottrell ("defendants") for personal injuries and property damage resulting from that accident on July 2, 2004, in the Davidson County General Sessions Court. At the same time, the plaintiffs filed a separate action against Ricky Barbee for damages arising out of the same accident.[1] The general sessions case against the defendants was set for hearing on August 20, 2004; however, the hearing never occurred.

Before the scheduled hearing date, the parties agreed to an indefinite continuance of the case, and the civil warrant bears that notation. At about the same time, the plaintiffs, through their attorney of record, mailed a letter to the general sessions clerk advising that the plaintiffs were requesting a voluntary dismissal without prejudice. The attorney's letter, dated August 18, 2004, stated: "Please allow this letter to serve as a notice of dismissal, without prejudice, as to the above-referenced action. By copy of this letter, I am notifying defense counsel of the nonsuit." The letter correctly identified the parties to the action, however, it did not correctly identify the docket number. It was apparently due to the erroneous docket number that this case was not dismissed in August of 2004, as requested by the plaintiffs. Instead, an unrelated case, one bearing the docket number identified by plaintiffs' counsel, was dismissed by mistake on August 23, 2004.[2]

Thereafter, this case remained dormant, as no action was taken in the case by any of the parties for over a year and a half. It was not until March 15, 2006, when Ricky Barbee, the defendant in the separate case, filed a motion to consolidate the two related cases, that the parties realized this case was still active.[3] The hearing on Barbee's motion was set for April 20, 2006. Although the record does not tell us, it is apparent that someone notified the court prior to the hearing that the case should have been dismissed in August of 2004 because the general sessions court dismissed this case before Barbee's motion to consolidate was heard. The dismissal was accomplished by the usual practice of the general sessions judge writing the order on the face of the civil warrant. It reads: "dismissed w/o prejudice per letter."[4] What was unusual about this order of dismissal was the date

---

[1] Barbee is not involved in this appeal.

[2] The record shows that the case bearing the docket number erroneously set forth in the letter from plaintiffs' counsel was dismissed. That case was re-opened when the error was discovered.

[3] In September of 2004, Mr. Barbee, the defendant in the related case, submitted a notice to the plaintiffs of other possible defendants, specifically alleging the fault of Heather Cottrell. The plaintiffs' counsel did not respond or take any action.

[4] We have taken judicial notice of the long standing practice of the general sessions judges to enter on the warrant any action taken in a given case. *Christopher v. Spooner*, 640 S.W.2d 833, 837 (Tenn. Ct. App. 1982). The continuation of this practice is affirmed by the affidavit of the circuit court clerk filed in this case, which states:

> Separate formal order and/or judgments are not required to be filed in the Davidson County General Sessions Court. Instead, a judgment, order and/or order of voluntary nonsuit can be perfected by a notation on the Civil Warrant, and this notation has the same effect as if an order has been entered.

the judge wrote on the civil warrant as the date the order was "entered."[5]  Instead of writing in the actual date the order was signed, the judge wrote on the fill-in-the-blank form that the order was "entered" August 23, 2004.  This was unusual because it was April of 2006, a year and a half later, when the judge signed the order dismissing the plaintiffs' case.[6]

The plaintiffs appealed the dismissal of their case within ten days of the actual entry of the order by the clerk of the general sessions court.  Shortly after the case was transferred to the circuit court, the defendants opposed the appeal by filing a motion to dismiss based on the contention that the claim was time barred.  The premise of the defendants' motion was that the general sessions case had been dismissed in August of 2004, not April of 2006.  When the motion to dismiss came on for hearing, the circuit court granted the defendants' motion and dismissed the appeal from general sessions court with prejudice.  This appeal followed.

## STANDARD OF REVIEW

No genuine material factual disputes are presented.  The issue presented hinges on the proper interpretation of Tennessee statutes and their application to the facts of this case.  Issues involving the construction of statutes and their application to facts involve questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002); *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999).  Therefore, the trial court's resolution of these issues is not entitled to Tenn. R. App. P. 13(d)'s presumption of correctness on appeal.  We will review the issues de novo and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

## ANALYSIS

The issue on appeal is whether the circuit court erred by dismissing the plaintiffs' action against the defendants.  The resolution of this issue is dependent upon the propriety of the general sessions court back dating the dismissal of the plaintiffs' civil warrant from April of 2006 to August 23, 2004.

The Savings Statute provides the following:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

---

[5]The relevant portion of the fill-in-the-blank civil warrant read: "Judgment for _____ against _____ dismiss w/o prejudice per letter _____ . . . , for which Execution may issue. Entered: ___8-23___ , 20 _04_ " which was immediately followed by the signature of the general sessions judge.

[6]Nothing in the record indicates the actual date the court marked the warrant in this case.  However, the plaintiffs have used the date April 19, 2006 and the defendants do not dispute that date.

Tenn. Code Ann. § 28-1-105. The Savings Statute "confers upon a plaintiff who files a second action within one year of a voluntary non-suit of a first action the same procedural and substantive benefits that were available to the plaintiff in the first action." *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995). Because the Savings Statute provides only a finite period, one year, within which to file the second action, the commencement of that one-year time period is critical.

The Savings Statute applies to general sessions courts as well as the trial court, however, there is no rule of court that sets forth the manner by which a party may take a voluntary dismissal in general sessions court. Rule 41 of the Tennessee Rules of Civil Procedure directs the rights and requirements for voluntary dismissals in the trial court, however, the Tennessee Rules of Civil Procedure are not binding on the general sessions courts. *See* Tenn. R. Civ. P. 1. Although the Tennessee Rules of Civil Procedure are "not applicable to general sessions court, their logic is persuasive." *Christopher v. Spooner*, 640 S.W.2d 833, 836 (Tenn. Ct. App. 1982). In the absence of any other relevant authority, we will apply the principles of Rule 41 of the Tennessee Rules of Civil Procedure to resolve this dispute.

The first part of Rule 41 states that, subject to a few exceptions not applicable here, "the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all the parties . . . ." Tenn. R. Civ. P. 41.01(1). The rule, however, goes on to provide that "[a] voluntary nonsuit to dismiss an action without prejudice *must be followed by an order of voluntary dismissal signed by the court and entered by the clerk*." Tenn. R. Civ. P. 41.01(3) (emphasis added). Furthermore, and most significant to this dispute is the provision of Rule 41 that provides: "The *date of entry of the order will govern the running of the pertinent time periods*."[7] *Id.* (emphasis added). Therefore, we have concluded that the *court must sign an order* and the *order must be entered by the clerk*. Until both conditions have been met, Rule 41 has not been satisfied and, thus, the one-year time constraint within which to commence the second action has not yet begun.

Based upon the foregoing, we have concluded that the date the general sessions judge wrote on the civil warrant as the date the order was "entered," that being August 23, 2004, is of no consequence because the order of dismissal was not "entered" and thus not effective until the clerk officially entered the order. The date the clerk files the signed order, not the date the judge writes on the order, is the official date of entry. Accordingly, the plaintiffs' case against these defendants was dismissed in 2006, not 2004, and therefore it is the latter date from which the finite period under the Savings Statute began to run.

---

[7] This part of the rule went into effect on July 1, 2004, before the plaintiff had requested the dismissal via counsel's letter dated August 20, 2004, and before the general sessions court clerk "entered" the order dismissing the action.

The record before us reveals that plaintiffs timely filed their notice of appeal from the entry of the voluntary dismissal in general sessions court.  Accordingly, the plaintiffs' cause of action against the defendants was not time barred.

### IN CONCLUSION

We therefore vacate the order of dismissal and remand this matter to the circuit court for further proceedings.

Costs of appeal are assessed against the defendants.


_____
FRANK G. CLEMENT, JR., JUDGE