IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 9, 2008 Session

# EMILY N. WILLIAMS v. CHARLES CLIBURN

**Appeal from the Circuit Court for Wilson County**
**No. 14748     John Wooten, Judge**

_____

**No. M2007-01763-COA-R3-CV - Filed December 1, 2008**

_____


Plaintiff appeals the dismissal of her personal injury action as barred by the savings statute, Tenn. Code Ann. § 28-1-105. The trial court measured the period for refiling the action from the date of entry of an Order of Non-Suit which had been sent to the court by facsimile rather than from the date of entry of the hard copy of the order. We find that the trial court correctly held that the operative date for purposes of the Tennessee savings statute was the date of entry of the first order received and signed by the court, but that Plaintiff was not given notice of entry of the order, as his counsel had requested. Consequently, we reverse the trial court's dismissal of this action and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

David R. Howard, Gallatin, Tennessee, for the appellant, Emily N. Williams.

M. Allen Ehmling, Gallatin, Tennessee, for the appellee, Charles A. Cliburn.

## MEMORANDUM OPINION[1]

Plaintiff was involved in an automobile accident in Wilson County, Tennessee, on December 4, 2004. She subsequently filed suit against Defendant in Wilson County General Session Court on December 2, 2005; trial was set for January 27, 2006. On January 21, 2006, the judge of the General Sessions Court signed an order, which had been sent by facsimile copy to the clerk, allowing Plaintiff to take a voluntary non-suit of her action; the order was entered by the clerk on January 23, 2006. On January 27, 2006, the General Sessions Court judge signed the original order allowing Plaintiff's non-suit, which had been sent by mail; this order was entered on January 30, 2006. After entry, counsel for Plaintiff received a copy of the order which had been entered on January 30. Although "Notice of Entry Requested" was prominently stated on the order sent by facsimile, the Plaintiff never received notice from the clerk that the order was entered on January 23, 2006; only that the order was entered on January 30, 2006.

On January 26, 2007, Plaintiff filed an action in Wilson County Circuit Court against Defendant seeking to recover damages for the December 4, 2004, accident. Defendant filed a motion to dismiss, asserting that the action was barred by the one-year statute of limitations. He asserted that the time for refiling the action began "either on January 21 or 23, 2006, pending [sic] on whether the Court begins the calculation time from the date the Judge signed the Order or the date the Order is filed with the Clerk."

At a hearing on a related motion on April 23, 2007,[2] it was discovered that the court had entered both the order granting Plaintiff's non-suit which had been sent by facsimile transmission and the order which had been sent by regular mail and that counsel for Plaintiff had only been furnished a signed copy of the order which had been mailed, bearing an entry date of January 30, 2006.

On July 6, 2007, the Circuit Court entered an order dismissing the action as barred by the statute of limitations. In so doing, the court held that Ms. Williams non-suited the General Sessions Court case on either January 21, 2006 (the date of the judge's signature on the order) or January 23

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Defendant's motion to dismiss had been granted on March 12; however, Plaintiff's counsel had not been served a copy of the motion and, consequently, filed a motion under Rule 60.02 to set the dismissal aside. A hearing on the Rule 60.02 motion was held on April 23 and, upon discovery of the fact that two orders had been signed and entered, the hearing on Plaintiff's motion was continued. At the resumed hearing on June 25, 2007, the trial court granted Plaintiff's motion to set aside the prior dismissal and proceeded to address anew Defendant's motion to dismiss.

(the date of entry of the order); consequently, suit had to be re-filed by January 24, 2007, to receive the benefit of the savings statute. This appeal ensued.

## STANDARD OF REVIEW

There are no factual disputes presented; rather, the resolution of the issue involves the interpretation of the savings statute, Tenn. Code Ann. § 28-1-105 and its application to the facts of this case. As such, it is a question of law, which we review *de novo* without the Tenn. R. App. P.13(d) presumption of correctness on appeal of the trial court's resolution. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc*., 87 S.W.3d 67, 74 (Tenn. 2002); *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999); *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

## ANALYSIS

As a preliminary matter, we hold, as in *Stewart v. Cottrell*, 255 S.W.3d 582 (Tenn. Ct. App. 2007), that the principles of Rule 41, Tenn. R. Civ. P., are applicable to this case which was originally filed in the General Sessions Court for Wilson County. Under Rule 41.01(1) a plaintiff is given an absolute right to voluntarily dismiss an action without prejudice. In order to become effective, and the time for re-filing the action to begin, the order of non-suit must be signed by the court and entered by the clerk. Tenn. R. Civ. P.41.01(3); *see also Stewart*, supra.

Once the order granting the non-suit has been duly entered by the clerk, the savings statute, Tenn. Code Ann. § 28-1-105, allows that the plaintiff may commence a new action within one year. If suit is not filed within that one year period, the plaintiff loses "the same substantive and procedural benefits that were available to the plaintiff in the first action." *Cronin v. Howe,* 906 S.W.2d 910, 913 (Tenn. 1995) (citing *Dukes v. Montgomery Cty. Nursing Home*, 639 S.W.2d 910, 913 (Tenn. 1982)). Thus, as noted by the court in *Stewart, "*the commencement of that one-year time period is critical." 255 S.W.3d at 585. The savings statute is remedial and is to be "liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intention." *Cronin,* 906 S.W.2d at 913.

The order granting Defendant's motion recites that "the Plaintiff entered a voluntary non-suit in the General Sessions Court for Wilson County, by faxing a copy of the Order of Non-Suit to the General Sessions Judge, a practice generally allowed by said Court, and that said Order, was signed by said Judge on January 21, 2006."[3] Plaintiff does not dispute that, unlike the Circuit, Chancery and Criminal courts, facsimile filings are accepted by the General Sessions Court. *See* Rule 5.02, Fifteenth Judicial District Local Rules of Practice. Inasmuch as the first order was submitted to the court in accordance with the rules and procedures of the court and thereafter signed by the judge and duly entered by the clerk, there is no basis upon which to hold that its date of entry is not the operative date for purposes of the one year period to refile the action.

---

[3] This order was entered by the Clerk on January 23, 2006.

The record reflects, however, that, despite Plaintiff's counsel's request, he was not given notice of entry of the first filed order but, rather, only received notice of the entry of the second order. The suit was filed within the one year period, measured from the date of entry of the second order. Plaintiff was entitled to rely upon the date of entry of the order which she had been furnished by the clerk and the error in this case was the clerk's, not Plaintiff's. Mindful that Tenn. R. Civ. P. 60.02 allows the court to grant relief to a party from the consequences of mistakes and "any other reason justifying relief from the operation of the judgment," the clerk's mistake justifies the granting of relief to Plaintiff.

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court is REVERSED and the case remanded for further proceedings in accordance with this opinion.

Costs are assessed to Defendant, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE