IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 15, 2010 Session

YUKO GAREN v. RAYMOND MᴄCLURE BOWMAN III ᴅ/ʙ/ᴀ BMR
CONSTRUCTORS

Appeal from the Circuit Court for Montgomery County
No. 505000814      Ross H. Hicks, Judge

No. M2010-00512-COA-R3-CV - Filed October 12, 2010

This case involves an unusual procedural history and requires us to examine the consequences of an oral motion for voluntary dismissal for which a written order was not entered. We have determined that the trial court did not err in its rulings.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

Aɴᴅʏ D. Bᴇɴɴᴇᴛᴛ, J., delivered the opinion of the Court, in which Fʀᴀɴᴋ G. Cʟᴇᴍᴇɴᴛ, Jʀ. and Rɪᴄʜᴀʀᴅ H. Dɪɴᴋɪɴs, JJ., joined.

Rodger Neill Bowman, Clarksville, Tennessee, for the appellant, Raymond McClure Bowman III d/b/a BMR Constructors.

Adrian R. Bohnenberger, Clarksville, Tennessee, for the appellee, Yuko Garen.

OPINION

Yuko Garen filed this lawsuit ("suit 1") against Raymond McClure Bowman doing business as BMR Constructors ("BMR") on September 30, 2005. Garen alleged that BMR had agreed to perform a garage remodeling project at her home and that she had loaned BMR money to get a contractor's license. The complaint includes causes of action for breach of contract, violation of the Tennessee Consumer Protection Act, fraud and misrepresentation, and breach of warranty of merchantability. The parties engaged in discovery, and the case was tried on May 29, 2008. There is no transcript of this trial in the record, but the parties are in agreement that, during the presentation of the plaintiff's proof, the plaintiff made an oral motion for a voluntary nonsuit. This oral motion was not, however, followed by a written order.

On July 15, 2008, Garen filed a second lawsuit ("suit 2") against BMR alleging essentially the same facts and the same causes of action as in suit 1. Suit 2 was set for trial on May 4, 2009. On April 30, 2009, BMR filed a motion to dismiss arguing that suit 2 should be dismissed because suit 1 remained pending. BMR also sought to continue the trial date or disqualify the plaintiff's proposed expert witness. At a motion hearing on May 1, 2009, the trial court agreed to continue the case; the court entered an order on May 13, 2009, dismissing suit 2 based upon the following reasoning:

> The Court after reviewing the files in both cases finds that an order of non-suit had not been filed in [suit 1] and that therefore there is a prior suit pending; that a complete copy of the file in this cause [suit 2] should be placed in [suit 1] and considered as a part of that record; that [suit 1] may proceed to trial . . . .

The parties then set suit 1 for trial on November 9, 2009.

On October 7, 2009, BMR filed a motion to enter an order of nonsuit in suit 1 along with a proposed order of nonsuit. This motion was heard on October 13, 2009, and there is no dispute that the court orally denied BMR's motion to enter an order of nonsuit. However, on October 20, 2009, the court entered the order of nonsuit previously submitted for entry by BMR's attorney.

BMR filed three new motions in suit 1 on October 21, 2009: a motion to dismiss for lack of subject matter jurisdiction based on the argument that, after the plaintiff's oral motion for nonsuit in May 2008, the court lacked jurisdiction to do anything except enter an order of nonsuit; a motion to disallow additional proof with an affidavit of Mr. Bowman; and a motion to dismiss with prejudice. After a hearing on November 2, 2009, the court entered an order on November 9, 2009, denying all three motions.

On November 2, 2009, the trial court entered an order based on the October 13, 2009 hearing. The court denied BMR's motion to enter an order of nonsuit.

On November 9, 2009, Garen filed a motion to set aside the order entered by the court on October 20, 2009, in which the court granted a nonsuit in suit 1; Garen asserted that this order had been entered by mistake. In an order entered on November 9, 2009, the court ordered that the order of nonsuit be set aside.

The final hearing on suit 1 was held on November 9, 2009. The court found in favor of Garen and awarded her a judgment for $60,000 plus interest for the money loaned, $8,000 to correct the work BMR failed to complete properly, and $10,000 in attorney fees.

On appeal, BMR makes a number of arguments. We consider the following issues dispositive: (1) whether the trial court erred in dismissing suit 2 and allowing suit 1 to proceed to trial and in denying BMR's motion to enter an order of nonsuit in suit 1; and (2) whether the trial court erred in allowing additional proof to be taken in suit 1.

(1)

Tenn. R. Civ. P. 41.01(1) provides in pertinent part that a plaintiff "shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . by an oral notice of dismissal made in open court during the trial of a cause . . . ." Tenn. R. Civ. P. 41.01 was amended in 2003 to provide that "[a] voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk." Tenn. R. Civ. P. 41.01(3). Pursuant to Tenn. R. Civ. P. 41.01(3), the entry of an order of voluntary dismissal is required before the voluntary dismissal takes effect. Until that time, the lawsuit remains pending. *See McMillin v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00342-COA-R3-CV, 2009 WL 749214, at *3 (Tenn. Ct. App. Mar. 23, 2009); *Stewart v. Cottrell*, 255 S.W.3d 582, 585 (Tenn. Ct. App. 2007).

The record and the briefs in this case indicate that a mistake was made, presumably by the plaintiff's attorney, in that no order of dismissal was entered after the plaintiff's oral notice of voluntary dismissal in May 2008. The parties proceeded on the assumption that an order had been entered, and the plaintiff filed a second suit. When BMR brought the mistake to the court's attention in April 2009, four days before the date set for trial in suit 2, it moved that suit 2 be dismissed on the basis of a prior suit pending, and the trial court granted the motion. BMR now argues, without any supporting authority, that once the plaintiff gave notice of a voluntary dismissal, the trial court lacked jurisdiction to perform any act in suit 1 other than to enter an order of nonsuit. We disagree. As stated above, the voluntary dismissal did not take effect absent a written order. We find no error in the trial court's decision to grant BMR's motion to dismiss suit 2 based on a prior suit pending. The trial court also ordered that all of the documents filed in suit 2 be transferred to suit 1.

It was not until after the trial court had granted BMR's motion to dismiss due to a prior suit pending that BMR filed a motion requesting that the court enter an order of nonsuit in suit 1. In denying BMR's motion to enter an order of nonsuit, the trial court stated:

> This matter came on to be heard on . . . the motion of the defendant to enter the order of non-suit submitted based on the Plaintiff having announced a non suit

at the close of her proof and neither party having filed a written order of non suit, from the [May 29, 2008][1] hearing.

The Court after hearing argument of counsel and reviewing the file finds the motion not well taken at this time because the court previously ruled that a second suit could not proceed and this matter is scheduled for trial 11/2/09.

BMR emphasizes the court's statement that neither party had "filed a written order of nonsuit from the [May 2008] hearing" and argues that this statement is erroneous because BMR submitted an order with its October 7, 2009 motion requesting an order of nonsuit. BMR's proposed order, however, was submitted after the trial court had already dismissed suit 2 in May 2009. In light of the fact that the court had dismissed suit 2 at BMR's request, the trial court acted properly in denying BMR's request to enter an order of voluntary dismissal in suit 1. The court concluded that BMR's motion was not well taken "at this time" in light of the court's previous ruling. BMR had effectively waived the nonsuit issue by obtaining dismissal of suit 2 based on a prior suit pending.

(2)

After dismissing suit 2, the trial court transferred all of the pleadings from suit 2 to suit 1 and ruled that suit 1 would proceed to trial. BMR argues that the trial court erred in allowing the plaintiff to reopen the proof in suit 1. He objects in particular to the testimony of Bert Singletary, an expert witness, on the basis that the plaintiff had presented the testimony of another expert witness at the first trial. When BMR objected to the testimony of Mr. Singletary at the trial, the trial court overruled the objection and stated: "Basically the determination I made [regarding the dismissal of suit 2] results in us retrying this case."

We review the trial court's decisions regarding the admission or exclusion of evidence under an abuse of discretion standard. *Brown v. Crown Equip. Corp.*, 181 S.W.3d 268, 273 (Tenn. 2005); *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). Under this standard, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). So, "we are not permitted to substitute our judgment for that of the trial court." *Id.*

Without a transcript of the original hearing in May 2008, the trial court held a completely new trial. We see no evidence of prejudice or harm to BMR as a result of the court's rulings. It is instructive to compare the approach taken by the trial court with the

---

[1] The court's order actually references a "5/29/09 hearing," but this appears to be a mistake because the original trial occurred on May 29, 2008.

other option for dealing with the existence of two essentially identical lawsuits. If the court had entered an order of nonsuit in suit 1, suit 2 could have continued and proceeded to trial.[2] The result would have been the same: a new hearing at which both parties had the opportunity to present their cases.[3] We find no abuse of discretion in the trial court's decision to allow a new hearing in suit 1 or to admit the testimony of the plaintiff's expert.

On the day of oral argument in this appeal, the appellee filed a motion to dismiss the appeal based upon the appellant's failure to comply with Tenn. R. App. P. 24(b) by failing to file a complete transcript. In light of the timing of the appellee's motion and the fact that we are affirming the trial court's decision in favor of the appellee, we deny the appellee's motion to dismiss the appeal.

The judgment of the trial court is affirmed, and costs of this appeal are taxed to the appellant, BMR, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]Pursuant to Tenn. R. Civ. P. 41.01(2), a plaintiff is entitled two nonsuits without prejudice.

[3]The record on appeal contains no transcript of the May 2008 hearing and only a few pages of the transcript of the November 2009 hearing. We, therefore, "conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005).