IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# RICHARD NORMAN REDMAN v. DONNA KAY REDMAN

**Appeal from the Circuit Court for Blount County**
**No. E-15690     D. Kelly Thomas, Jr., Judge**

---

**No. E1999-02588-COA-R3-CV - Decided July 6, 2000**

---

JUDGE SUSANO, concurring.

I agree with the majority's conclusion that there is no basis for invalidating the 1993 award to Wife of Husband's Air Force retirement -- an award made by the trial court "as a division of marital property." As a part of an unappealed-from final judgment, the trial court's division-of-property award is not subject to challenge in this proceeding, *see Vanatta v. Vanatta*, 701 S.W.2d 824, 827 (Tenn. Ct. App. 1985), in the absence of a Tenn. R. Civ. P. 60.02 basis for relief, and I find no such basis in the meager record before us.

In the instant case, Husband seems to be arguing that the award of his Air Force retirement as a division of property to Wife was not proper because he was not ordered to pay child support. Assuming, for the purpose of discussion, that the trial court erred in failing to burden Husband with a child support obligation, this fact, standing alone, is not sufficient to invalidate the trial court's division of property. The trial court's decree in paragraph eight of the final judgment does not lessen the effect of its decree in paragraph seven.

As I understand Husband's position, he is -- as a threshold proposition -- seeking to set aside the award of his Air Force retirement. If that is not possible, and the majority and I agree that it is not, he obviously is not asking this court or the trial court to go back and order him to pay child support from the date of the final judgment to the point at which his children reached their majority. In my opinion, child support is not the issue. Therefore, I disassociate myself from the majority's discussion regarding the Child Support Guidelines. At the risk of being redundant, there is simply nothing about the concept found in paragraph eight of the final judgment that mandates that we set aside the separately-stated division of property in paragraph seven.