IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 2, 2004 Session

## LOUIS HUDSON ROBERTS v. MARY ELIZABETH TODD, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 03-809-II     Carol L. McCoy, Chancellor**

_____

**No. M2003-02594-COA-R3-CV - Filed December 21, 2004**

_____

This is an appeal from a trial court's denial of a motion to set aside a default judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellant, Mary Elizabeth Todd.

Jon S. Jablonski, Nashville, Tennessee, for the appellee, Louis Hudson Roberts.

**OPINION**

*Facts and Procedural History*

On February 28, 2002, Louis Hudson Roberts ("Husband") and Mary Elizabeth Todd ("Wife") were divorced in Davidson County Circuit Court. Pursuant to a marital dissolution agreement ("MDA"), the parties agreed to own the marital residence as joint tenants, with Wife having sole possession while Husband assumed responsibility for the mortgage indebtedness. Specifically, the MDA provided that "Wife shall have sole and exclusive use and possession of the marital residence until such time as it is sold, either by agreement of the parties or by Order of the Court."

On March 21, 2003, Husband filed a Complaint for Partition in the chancery court. After Wife failed to file an answer, Husband filed a motion for default judgment on May 2, 2003. Wife also failed to respond to Husband's motion for default judgment. On June 5, 2003, the trial court entered an order granting Husband a default judgment. The trial court referred the matter to the Clerk and Master (the "Master"), directing her to determine matters regarding the partition of the property, such as ownership interests, encumbrances, and the manner of sale. On June 30, 2003, the

parties attended a hearing before the Master, where Wife appeared unrepresented by counsel.[1] During the hearing before the Master, Wife expressed her belief that she was entitled to the marital residence as part of her divorce settlement. Wife and the Master then engaged in the following colloquy regarding Wife's lack of representation in this matter:

> [Wife]: I can't afford to get a lawyer. But it seems like it's — it's too late, anyway. It seems like my house is going to be taken away from me.
>
> [Master]: Until the case is over, it's never [too] late.
>
> [Wife]: Whether I, you know, spend all the money I have in savings on a lawyer or not. And this is not fair. This was — this is what I was supposed to get from my divorce.

The Master filed her report with the trial court on July 2, 2003. The report indicated, and the master informed the parties during the hearing, that, pursuant to Rule 53 of the Tennessee Rules of Civil Procedure, the parties would have ten (10) days from the filing of the report to file objections. No objections were ever filed, and the trial court entered an order confirming the report on August 12, 2003.

At some point shortly after the Master filed her report, Wife retained counsel. On July 11, 2003, Wife filed a motion to set aside the default judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.[2] As support for her motion, Wife asserted that she did not retain counsel sooner because she did not fully understand the impact of the partition action; her rights would be prejudiced if she were not entitled the opportunity to be represented; she believed she could put forth a valid defense to the complaint; her counsel needed ample time to review the case and prepare a defense; and her failure to obtain representation was excusable neglect as she had a limited understanding of the law.

---

[1] It appears from the record that the hearing before the Clerk and Master marks the first appearance of Wife in this matter.

[2] Rule 60.02 provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02 (2004).

The trial court conducted a hearing on Wife's motion during which counsel for Wife raised the following as defenses to the partition action:

> I do believe my client does have some defenses that need to be properly brought before [t]he Court on this matter. I think the intent of the parties in the original contractual agreement - - I think there might even be a jurisdictional question, since this was a Fourth Circuit M.D.A., . . . . And I think, that as we get into the discovery, we will also show that there really was not proper consideration within that M.D.A. for the partition to occur . . . .
>
> Also, there's questions about whether she has any liability on the indebtedness . . . .

Further into the hearing, Wife's counsel made the following statement:

> Judge, just two things that - - also, equity abhors a default against the party. And, as I said this morning . . . I believe the intent of the parties, and whether or not this is the proper jurisdiction, need to be examined by [t]his Court in a defense. And as to the intent of the parties in that contract, I can't tell what that is until we've had the opportunity to do discovery. And so . . . that is a big part of the defense that Ms. Todd would present to [t]his Court.

In issuing its ruling from the bench, the trial court found as follows:

> I have no idea . . . what would be the response if the default were set aside. And while you say you have to do some discovery, what has been filed in this court really reflects that Ms. Todd has not, in any way, acted timely. And, in fact, abdicated participating, when she said she couldn't afford to get a lawyer, and that she didn't want to spend all of her money she had in savings on a lawyer. That's not saying she couldn't get a lawyer, she just chose not to get a lawyer.
>
> . . . .
>
> . . . . when I'm asked to set [the default judgment] aside, I have no good reason, other than she wants to get a lawyer; that's not a sufficient justification for setting aside default. I need to feel that, in some way, there's an error that's been committed. And having looked at what the Clerk and Master has done, it seems appropriate. And there were no objections to the Clerk and Master's report.

In its order denying Wife's motion to set aside the default judgment, the trial court found that Wife had shown no meritorious defense to the partition action; she had made a conscious decision not to hire legal counsel prior to the motion for default judgment and Clerk and Master's hearing;

the Master's report was confirmed without objection by either party; and Wife had shown no basis upon which to set aside the default judgment.

Wife has appealed from the trial court's order denying her motion to set aside the default judgment and presents, as we perceive them, the following issues for our review:

(1) Whether the trial court erred in denying Wife's motion to set aside the default judgment, and

(2) Whether the trial court lacked subject matter jurisdiction over the suit for partition.

### *Standard of Review*

We review a trial court's denial of a Rule 60.02 motion for relief from a default judgment under an abuse of discretion standard of review. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). Under an abuse of discretion standard, this Court will not reverse the decision of the trial court "unless it affirmatively appears that the lower court's decision was against logic or reasoning and caused injustice to the complaining party." *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). "[T]he trial court is in the best position to assess the various factors that should be considered in determining whether a default judgment should be vacated and its finding is entitled to great weight." *Tennessee Dep't of Human Serv. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985). The trial court should grant relief under Rule 60.02 "whenever any reasonable doubt exists concerning whether the default judgment should be set aside." *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991) (citing *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn Ct. App. 1973)).

Subject matter jurisdiction concerns a court's power to adjudicate a particular class of cases. *See State v. Cawood*, 134 S.W.3d 159, 162–63 (Tenn. 2004) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Whether a court has jurisdiction over the subject matter of a case is a question of law, which we review *de novo* without a presumption of correctness afforded to the trial court's conclusions in that regard. *Id.*

### *Rule 60.02 Motion*

Under Rule 55.01 of the Tennessee Rules of Civil Procedure, when a defendant fails to respond to a complaint, the plaintiff may move the trial court for entry of a default judgment without a hearing on the merits. *See* Tenn. R. Civ. P. 55.01 (2004); *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). Rule 55.02 of the Tennessee Rules of Civil Procedure provides that "the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. R. Civ. P. 55.02 (2004). Under Rule 60.02(1), the trial court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02(1).

It is well established that courts clearly prefer a trial on the merits. *Henry*,104 S.W.3d at 481; *Barbee*, 689 S.W.2d at 866. Therefore, when a default judgment is involved Rule 60.02 should be construed liberally. *Henry*, 104 S.W.3d at 481. However, Rule 60.02 relief should not be liberally applied where the defaulting party has not established proper grounds for relief. *Bowers v. Gutterguard of Tenn., Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at *3 (Tenn. Ct. App. Dec. 17, 2003)(*no perm. app. filed*). Therefore, "[t]he party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief." *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1973). That burden can be met by "set[ting] forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tenn. State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980) (citing *Hopkins v. Hopkins*, 572 S.W.2d 639 (Tenn. 1978). In determining whether to grant relief from a default judgment under Rule 60.02 for "excusable neglect," the court should consider the following factors: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether granting relief from the default would result in prejudice to the non-defaulting party. *Henry v. Gains*, 104 S.W.3d 475, 481 (Tenn.2003); *see also Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003).

In applying the *Henry* factors, we first turn to whether Wife has shown "excusable neglect," or, in other words, whether Wife has shown that her default was not "willful." *See Henry*, 104 S.W.3d at 481. In this case, the record demonstrates that, when served with Husband's complaint, Wife failed to retain counsel or file an answer. When Wife was served with a motion for default judgment, she again failed to respond. Wife made her first appearance in this matter at the hearing before the Master, twenty-five (25) days after the entry of default judgment. At that hearing, the Master stated to Wife, in response to Wife's concerns about not retaining counsel, that "[u]ntil the case is over, it's never too late [to hire an attorney]."

In her brief to this Court, Wife appears to contend that the Master's statement that it was "never too late" to hire counsel was somehow an inaccurate statement that misled Wife into believing she could still defend the partition action. Therefore, Wife contends that the Master's statement should serve as a ground for vacating the default judgment. Without addressing the legal accuracy of the Master's statement, we find that Wife's argument lacks merit. As the *Henry* court explained, "relief under Rule 60.02 is available '*from* a final judgment.'" *Henry*, 104 S.W.3d at 480. Therefore, "the grounds for relief asserted under Rule 60.02(1) must have occurred at or before the entry of the final judgment and must have resulted in the judgment's entry." *Id*. The final judgment at issue here is the default judgment entered on June 5, 2003. In this case, the hearing before the Master took place twenty-five (25) days after the entry of the default judgment. Thus, statements made during that hearing could not provide a ground for relief under Rule 60.02.

Wife concedes that she was "negligent" in failing to hire counsel and failing to file a responsive pleading. Wife, however, cites our decision in *Lay* for the proposition that "[n]egligence on the part of the moving party is precisely the type of error [Rule 60.02] is designed to relieve." *Tenn. State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). Although Wife may characterize her unresponsiveness as negligent, she has not been able to demonstrate, either in the

trial court or on appeal, how her inaction was "excusable." After thoroughly reviewing the record, we are unable to find any justification or "excusable neglect" from which to set aside the default judgment. Instead, it appears from Wife's inaction and testimony during the hearing before the Master that, for whatever reason, she simply chose not to hire an attorney or participate in this matter without one. Clearly, Wife's failure to participate in this matter was "willful." Therefore, having determined that Wife has demonstrated no basis under Rule 60.02 for vacating the default judgment, we affirm the trial court on this issue.

### *Subject Matter Jurisdiction*

In this case, the parties were divorced in circuit court, and Husband brought the partition action in chancery court. Wife contends that the chancery court lacked subject matter jurisdiction over the partition matter. Wife asserts that her right to sole possession of the marital home along with Husband's assumption of the mortgage indebtedness were in consideration for her waiver of alimony under the MDA. Therefore, Wife contends that her possessory interest in the marital home was essentially spousal support, and this partition action was effectively an action to modify spousal support. As such, Wife argues that the chancery court lacked subject matter jurisdiction over this partition action because jurisdiction to modify spousal support remains exclusively with the court that issued the divorce.

It is true that section 36-5-101(a)(1)(A) of the Tennessee Code provides that, where a divorce decree includes provisions for spousal support, the decree shall "remain in the court's control." Tenn. Code Ann. § 36-5-101(a)(1)(A) (Supp. 2004). Therefore, any petition to modify spousal support must be brought in the court that originally issues the divorce. *Rider v. Rider*, No. M2002-00556-COA-R3-CV, 2003 WL 22345475, at *2 (Tenn. Ct. App. Oct. 15, 2003) (*no perm. app. filed*). However, a division of property pursuant to an MDA, once merged into a divorce decree, becomes a final order and is generally not subject to modification. *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001); *Vanatta v. Vanatta*, 701 S.W.2d 824, 827 (Tenn. Ct. App. 1985). Jurisdiction to hear partition actions is governed by section 29-27-106 of the Tennessee Code. Tenn. Code Ann § 29-27-106 (2000). Under section 29-27-106, county, chancery, and circuit courts have concurrent jurisdiction to hear partition actions. *Id*.

In order for this Court to determine whether the chancery court had jurisdiction to hear this partition matter, we must first determine whether Wife's right to reside in the home was a form of property division or spousal support. The parties here provided in their MDA that Husband would pay the mortgage, while "Wife shall have sole and exclusive use and possession of the marital residence until such time as it is sold, either by agreement of the parties or Order of the Court." A later provision in the MDA stated that "[t]he parties accept the provisions of this Agreement in full and final settlement and satisfaction of any and all claims and rights which either or [sic] them have had or may now have against the other party with respect to alimony, maintenance and support." Nothing in the record, however, indicates that Wife released any potential claim for alimony specifically in consideration for the right to remain in the marital home. On the contrary, the MDA clearly states that the parties contemplated that the property would indeed be sold at some point.

Moreover, there is nothing in the record to reflect that Husband would necessarily have any alimony obligation.

Wife directs our attention to *McAlexander v. McAlexander*, No. W2001-02550-COA-R3-CV, 2003 WL 22204527 (Tenn. Ct. App. Sept. 15, 2003)(*no perm. app. filed*), to support her contention that her possessory interest in the property is spousal support. Our decision in *McAlexander*, however, is distinguishable from the facts in this case. First, the parties in *McAlexander* agreed in their MDA that the wife would continue to work in a management position in the husband's two businesses, but, after continued harassment, the wife was forced to resign. *McAlexander*, 2003 WL 22204527, at *6. The husband conceded that he would have incurred an alimony obligation had the wife not retained her employment with his businesses. *Id.* The parties agreed to arbitrate their dispute, and the arbitrator issued a finding that the wife waived her claim to alimony in exchange for continued employment in the husband's businesses. *Id.* at *7. The arbitrator further found that there was a failure of consideration for the wife's waiver of alimony and that the MDA should be modified to require the husband to pay alimony. *Id.* Applying a very deferential standard of review, this Court upheld the arbitrator's decision, as there was "ample evidence [in the record] to support the Arbitrator's finding that there was a failure of consideration for [the wife's] agreement to waive alimony in the MDA." *Id.* at *14. As stated above, in the case at bar there is absolutely nothing in the record to support Wife's argument that the parties intended that Wife's possessory interest in the marital home be in lieu of Husband's obligation to pay alimony.

In *Vanatta*, under facts very similar to this case, this Court held that "mortgage payments were a contractual obligation voluntarily assumed by the husband as a part of a property settlement agreement and made a part of the property division provisions of the divorce decree." *Vanatta v. Vanatta*, 701 S.W.2d 824, 827 (Tenn. Ct. App. 1985). In view of the plain language of the divorce decree, we conclude that the provisions in the MDA dealing with the marital residence were purely in the nature of property division and not spousal support. Therefore, we conclude that the chancery court had concurrent jurisdiction to hear Husband's partition action.

### *Conclusion*

Husband contends that Wife's appeal in this matter is frivolous and requests reimbursement for attorney's fees, mortgage payments, and other expenses incurred during the pendency of this appeal. We are disinclined to hold that this appeal is frivolous. Accordingly, Husband's request is denied. We affirm the trial court's order denying Wife's motion for rule 60 relief. Costs of this appeal are taxed to the Appellant, Mary Elizabeth Todd, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE